**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ASANTI RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-242-PPS-AZ |
| | ) |
| TRANSUNION, LLC, EQUIFAX, INC. | ) |
| and EQUIFAX INFORMATION | ) |
| SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |

**FINDINGS, REPORT, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendant Equifax Inc.'s Motion to Dismiss [DE 20], filed on September 18, 2025, and Plaintiff Asanti Rodger's Motion for Leave to File First Amended Complaint [DE 46], filed on January 16, 2026. On February 3, 2026, the presiding District Court Judge referred the Motion to Dismiss to me for a Report and Recommendation. DE 52.

This Report constitutes the Court's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court **RECOMMENDS** that District Court Judge Philip P. Simon **DENY AS MOOT** Defendant Equifax Inc's Motion to Dismiss [DE 20] and **GRANT IN PART** Plaintiff Asanti Rodger's Motion for Leave to File First Amended Complaint [DE 46] to allow her to plead her individual claims but prohibit her from bringing class action claims because she is a *pro se* litigant.

## Background

This is a lawsuit brought by Plaintiff against various financial institutions that are involved in the consumer credit reporting industry. Plaintiff, who is proceeding *pro se* and without a lawyer, originally sued three companies on the basis that they had reported inaccurate information on her credit reports. DE 1 (Pl.'s Compl.) at ¶ 7. She alleged that this resulted in widespread financial harm to her including loss of income, car loan denials, excessive rental car fees, housing denials, credit repair and identity theft out-of-pocket costs, and emotional distress. *Id.* at ¶ 14. Plaintiff also alleges that her personal information may have been stolen. *Id.* at ¶ 15. In her complaint, she references prior class action settlements involving the Defendants but says she did not participate in them. *Id.* Plaintiff now seeks to add two additional company defendants and more than a dozen additional claims  for what she labels as these companies' "systemic and willful failure … to maintain the integrity, security, and accuracy of consumer information." *See* DE 46-1 (Pl.'s Proposed Am. Compl.) at ¶ 1.

## Discussion

In Plaintiff's original complaint, she alleged two counts against Defendants Trans Union LLC, Equifax Information Services, LLC (hereafter "EIS"), and Equifax, Inc. alleging (1) violations of the Fair Credit Reporting Act (FCRA); and (2) "Breach of Implied of Contract." DE 1 at ¶¶ 16-25. Defendants Trans Union and EIS filed answers, generally denying Plaintiff's allegations. DE 8, 11. Defendant Equifax, Inc., moved to dismiss. DE 20. In its motion, Equifax Inc. argues that as a holding company

over EIS it is not a "consumer reporting agency" (or a user of consumer reports or a furnisher of information to consumer reporting agencies) as that term is used in the FCRA, and therefore an FRCA claim cannot be brought against it. *See* DE 21 (Def.'s Mot. to Dismiss Br.) at 2-3. In support, it focuses less on the factual allegations of Plaintiff's complaint and directs the Court to numerous district court cases from around the country that have found that as a matter of law, plaintiffs could not state claims under FCRA against Equifax, Inc. *Id.* at 3 (collecting cases).

In response, Plaintiff argues in a rather cursory fashion that Equifax Inc. is "directly responsible" for a 2017 data breach and the harms it caused Plaintiff, that it is "the real party in interest," and that Equifax Inc. should be prohibited from seeking dismissal because it did not file an answer to Plaintiff's original complaint. DE 23 (Pl.'s Resp.) at 2. Thereafter, Plaintiff sought leave to file an amended complaint, DE 46, which seeks to greatly expand the scope of this lawsuit by: naming two additional Defendants (Experian Information Solutions, Inc., (hereafter "Experian), and Capital One, N.A. (as successor to Discover Bank)); bringing 16 new claims (for a total of 18 claims), including several on behalf of a putative class of similarly situated individuals; and demanding a jury trial, whereas her prior complaint only sought a bench trial. *See generally* DE 46-1 (Pl.'s Proposed Am. Compl.)

Two of the current Defendants, Trans Union and EIS filed a Notice of Non-Opposition to Plaintiff's motion for leave to amend, indicating that while they do not believe the claims have merit, do not oppose the request to amend. DE 49. Defendant

Equifax, Inc. did not join in the Notice of Non-Opposition, and the Court assumes that is because it stands on the arguments raised in its motion to dismiss, namely that it cannot be held liable as a matter of law under the FRCA. The other new proposed Defendants to be added have of course also not weighed in, as they are not yet parties to the lawsuit.

## A. Equifax Inc.'s Motion to Dismiss

To survive a motion to dismiss, a "complaint must contain allegations that collectively 'state a claim to relief that is plausible on its face.'" *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts "all well-pleaded allegations of fact as true and draw all reasonable inferences in the plaintiffs' favor." *Alarm Detection Sys.*, 930 F.3d at 821. But bare "[l]egal conclusions" such as an assertion Defendant violated a statute or common law duty without more, "do not get the same benefit;" and the Court will disregard those. *Id.* (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). "If the well-pleaded allegations plausibly suggest— as opposed to possibly suggest—that the plaintiffs are entitled to relief, the case enters discovery," otherwise "dismissal is appropriate." *Id.* (citations omitted). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" in evaluating the pleadings at issue. *Iqbal*, 566 U.S. at 679. Pleadings filed by pro se litigations are likewise "to be liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (citations omitted). *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

The Court will first address Plaintiff's argument that Equifax Inc. has waived the ability to seek dismissal of her complaint because it failed to file an answer like Trans Union and EIS did. *See* DE 23 at 2. In short, Rule 12 of the Federal Rules of Civil Procedure allows a party to respond to a pleading either by filing an answer, Fed. R. Civ. P. 12(a)(1)(A), *or* a motion that asserts certain enumerated defenses, Fed. R. Civ. P. 12(b). As the Rule further indicates any "motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." *Id.* Thus it was appropriate and indeed required for Equifax Inc. to not file an answer to Plaintiff's original complaint because it had filed a motion pursuant to Rule 12. Plaintiff's misapprehension of this procedural rule is understandable, since she is not a lawyer. But this explanation has been provided to educate Plaintiff and reduce the likelihood that she makes unnecessary non-meritorious arguments going forward.

On the substance, Equifax Inc.'s argument that it is not a credit reporting agency or similar entity covered by the FCRA is well-taken, at least as to claims against it under the FRCA. But even if the Court were to accept that Plaintiff's FCRA claim fails as a matter of law, there are two more basic reasons why Equifax Inc.'s motion should be denied. First, Plaintiff's proposed amended complaint does not re-allege her FCRA claim against Equifax Inc., all but conceding those claims cannot be brought against it and mooting Equifax Inc.'s argument. Second, Equifax Inc.'s motion fails to address Plaintiff's second claim in her original complaint, for breach of implied

contract. That leaves the Court faced with evaluating this claim on its own without the benefit of briefing and contrary to the principle of party presentation, *see, e.g., Clark v. Sweeney*, 607 U.S. 7, 9 (2025), or finding Equifax Inc's arguments as to that claim are waived. But neither path is really warranted because Plaintiff is seeking leave to pursue an amended complaint to which Equifax Inc. has not taken a position. And because Plaintiff's proposed amended complaint does not bring an FCRA claim against Equifax Inc. Equifax Inc. is free to raise any arguments as it wishes in response to Plaintiff's amended complaint.

## B. Plaintiff's Motion for Leave to Amend

When a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts maintain broad discretion in this area, but "[a]s a general rule, district courts should liberally grant leave to amend pleadings*." Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 854 (7th Cir. 2017); *see also Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) ("By its plain terms, the rule reflects a liberal attitude towards the amendment of pleadings—a liberality consistent with and demanded by the preference for deciding cases on the merits."). But leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). "District courts may refuse to

entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). Here, the Court set a deadline of January 16, 2026, to seek leave to amend, *see* DE 41, and Plaintiff's motion was filed on January 16, 2026, rendering it timely under the Court's scheduling order. The Court will thus analyze the proposed amended complaint under Rule 15.

### 1. Plaintiff's Proposed Amended Individual Claims

In her proposed amended complaint, Plaintiff seeks to bring 10 individual claims against the three current Defendants and two new Defendants. Those are:

- Count I: Negligence (against Equifax Inc.)
- Count II: Invasion of Privacy/Breach of Confidentiality (against Equifax Inc.)
- Count III: Unjust Enrichment (against Equifax Inc.)
- Count IV: FCRA Violations (against Trans Union)
- Count V: FCRA Violations (against EIS)
- Count VI: FRCA Violations (against Experian)
- Count VII: Declaratory and Injunctive Relief (against Capital One)
- Count VIII: Violations of FCRA (against Capital One)
- Count IX: Invasion of Privacy/Breach of Confidentiality (against Capital One)
- Count X: Unjust Enrichment (against Capital One)

DE 46-1 at 26-40. Because none of the current Defendants objected to Plaintiff's proposed amendment, the Court will not analyze these claims further at this time. Accordingly, the Court will recommend that Plaintiff be allowed to amend her complaint to bring these 10 claims against these five Defendants. That does not mean these claims are meritorious or that Defendants have waived their ability to seek

7

dismissal pursuant to Rule 12. And of course, neither Experian nor Capital One are yet parties to the lawsuit so they have not had any opportunity to respond in substance or form to the claims that Plaintiff is now bringing against them. The Court will address any such arguments as they are raised.

### 2. Plaintiff's Proposed Amended Class Allegations

While the Court did not on its own review the substance of Plaintiff's individual claims without the benefit of argument or briefing from any defendant, because Plaintiff is attempting to represent other individuals in a class action capacity and such representation would have the potential to affect their rights, the Court feels compelled to address them now rather than wait for motion practice by Defendants.

Counts XI through XVII of Plaintiff's proposed amended complaint are labeled as "Class Action Causes of Action" and include:

- Count XI: Invasion of Privacy (against Equifax Inc.)
- Count XII: Unjust Enrichment / Disgorgement (against Equifax Inc.)
- Count XIII: FCRA Violations (against Trans Union)
- Count XIV: Unjust Enrichment/Breach of Confidence (against Trans Union)
- Count XV: FCRA Violations (against EIS)
- Count XVI: FCRA Violations (against Experian)
- Count XVII: FCRA Violations (against Capital One)
- Count XVIII: Unjust Enrichment/Disgorgement (against Capital One)

DE 46-1 at 40-50. But Plaintiff is proceeding *pro se* without a lawyer in this case and as such, she cannot bring claims on behalf of others on a class basis or otherwise represent any other person in federal court. A litigant may appear in the federal courts only *pro se* or through counsel. *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829,

830 (7th Cir. 1986). "Pro se litigants cannot represent others, nor can they bring class action suits." *Smith-Howard Community.org v. Google HQ*, 2019 WL 13218375, at *1 (E.D. Wis. Sept. 21, 2019) (citing *Lawrence v. Sec'y of State*, 467 F. App'x 523, 525 (7th Cir. 2012). *See also Jagla v. LaSalle Bank*, 2006 WL 1005728, at *4 (N.D. Ill. Apr. 12, 2006) (explaining that courts have "uniformly refused to certify class actions brought by *pro se* plaintiffs"). This means Plaintiff's proposed class action claims are futile, so leave to include these claims or counts in the amended complaint should be denied.[1]

## Conclusion

For the reasons discussed, the Court **RECOMMENDS** that District Court Judge Philip P. Simon **DENY AS MOOT** Defendant Equifax Inc.'s motions to dismiss and **GRANT** Plaintiff's Motion for Leave to Amend as outlined in this opinion including removal of the class claims found at Counts XI – XVIII. Plaintiff should not make other substantive changes to her amended complaint before filing it with the Court.

Once Plaintiff has filed her amended complaint, then she must seek to have it served on the new Defendants (Experian Information Solutions, Inc. and Capital One,

---

[1] At the last status hearing in this case, DE 53, Plaintiff indicated that *if* the Court were to grant her leave to amend in full and the case proceeded as a class action, she would endeavor to secure counsel to represent her and the putative class. In doing so, Plaintiff tacitly admitted that she was unable to represent other individuals in this lawsuit. From the Court's perspective, allowing Plaintiff to amend to add class allegations and then waiting to see if and when she secures counsel would put the cart before the horse. If Plaintiff obtains counsel who enters an appearance on her behalf and they wish to represent a class, then then that attorney may file an appropriate motion for leave to amend and the Court will evaluate it under the applicable standards.

N.A.). And all of the Defendants will have an opportunity to respond to the amended complaint in accordance with the deadlines set by the Federal Rules of Civil Procedure and Local Rules of the Northern District of Indiana. That includes by responding to the amended complaint with a motion(s) to dismiss pursuant to Rule 12(b) which, as explained above, are a proper way for a defendant to respond to a pleading in lieu of an answer. If the case survives the motion(s) to dismiss, then Defendants will be required to answer if they have not already done so.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. Failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. 28 U.S.C. § 636(b)(1); *Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 516 (7th Cir. 2007); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

So ORDERED this 12th day of May 2026.

/s/ Abizer Zanzi
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

cc: Plaintiff Asanti Rodgers (U.S. Mail)