**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA (HAMMOND)**

| | |
|---|---|
| ASANTI RODGERS,<br>    Plaintiff, | CASE NO.  2:25-cv-00242-PPS-AZ |
| vs. | Judge Philip P. Simon<br>Magistrate Abizer Zanzi |
| TRANS UNION, LLC; EQUIFAX, INC.;<br>and EQUIFAX INFORMATION<br>SERVICES, LLC;<br>    Defendants. | |

**TRANS UNION LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Defendant Trans Union LLC ("Trans Union"), by counsel, tenders the following Interrogatories to Plaintiff, pursuant to Rule 33 of the Federal Rules of Civil Procedure.  You are required to answer these Interrogatories fully and without evasion, under oath and within thirty (30) days of service.  The following are deemed to be continuing Interrogatories, and therefore, if you, at any time, receive information which renders your answers to these Interrogatories incomplete, inaccurate or in any way misleading, you are required to supplement those answers accordingly.

**Definitions and Instructions**

1.    If you object to any portion of an Interrogatory on the grounds that it seeks privileged information, identify all persons to whom this information has been communicated, the general nature of such information, the nature of the privilege asserted and the dates of any communications or documents for which the privilege is asserted.

2.    "**Plaintiff**," "**you**" and "**yours**" are defined as **Asanti Rodgers** and Plaintiff's attorney of record, any of Plaintiff's present or former agents, employees, attorneys, representatives, and any other person or entity purporting to act on Plaintiff's behalf.

3.    "**Defendant**" or "**Trans Union**" means Trans Union LLC and its attorney(s) of record, its parents, subsidiaries, any entity with which it is affiliated or any of its present or former administrators, directors, officers, employees, agents, attorneys, representatives and any other person or entity acting or purporting to act on its behalf.

4.    "**Possession, custody or control**" means any documents that Plaintiff can direct anyone to produce, including but not limited to its attorneys or other agents.

5.    "**And**" means and/or and "**or**" means and/or.

6.    "**Relate to**" and "**relating to**" mean having any possible connection within the broadest sense of those terms.

7.    "**Document**" means any tangible object or electronic data in any format whatsoever from which intelligence can be perceived.

8.    "**State,**" "**identify**" and "**detail**" mean to describe fully and with specificity each and every item of information and reasoning which explains the answer to be given including, but not limited to, identification of all documents and persons relating to or referring thereto; and identification of all communications and dates on the subject; and a statement of the dates and substance of all acts or events relating in any way to the subject matter of the Interrogatory.

9.    "**Knowledge**" means and includes both firsthand information and information derived from any other source.

10.    All terms in these Interrogatories are to be defined in the broadest sense to include and require rather than limit the answers sought.

11.    When there is a request for the identity of a person, please state his or her: (a) name; (b) title or position; (c) present or last known business and home address; and (d) present or last known employer.

12.    **IF YOU OBJECT TO ANY INTERROGATORY, PROVIDE ALL INFORMATION RESPONSIVE TO THE UNOBJECTED OR LIMITED PORTIONS AND IDENTIFY THE LIMITATION.**

## Interrogatories

1.    Identify the person answering these Interrogatories, all persons who assisted in the preparation of the answers, and state how each person participated in the preparation of the answers and identify their Social Security numbers.

**ANSWER**:

2.    State your full name (complete first name, middle name, and last name), nicknames, former names, and/or aliases which you have used and the periods during which each name was used, social security number (and, if more than one, state when each social security number was obtained and used), date of birth, and every address you have used in the last ten (10) years, including your present address, and the dates you used each address.

**ANSWER**:

3.      State your work history for the last five (5) years, including the names and addresses of each employer, each supervisor's name, each job title you held, the responsibilities of each job, the dates of each job, your salary or rate of pay at each job, and the reason each job was left.

**ANSWER**:

4.      State the name, address and telephone number of every person or entity with which you have applied for credit, from which you have received credit or which has reviewed your credit history, report or rating in the last seven (7) years, and for each person or entity identified state the type and date of credit transaction involved, the terms of the credit, the amount you sought to finance, the disposition or outcome of the credit transaction, the reasons provided therefor, identify all persons with knowledge of the foregoing and state the details of their knowledge.

**ANSWER**:

5.      With respect to each application or extension of credit identified in response to Interrogatory No. 4, state whether you allege that any action and/or inaction of Trans Union or any other person or entity affected such application for or extension of credit in any way.  If so, please specify what effect such action and/or inaction allegedly had, including but not limited to, the denial of credit, any increase in variance in the applicable interest rate (and the amount of such

increase, if any), any variance in any of the terms of the transaction, identify all persons with knowledge of the foregoing and state the details of their knowledge.

**ANSWER**:

6.      Identify each and every inaccuracy you contend exists or ever existed in any consumer report or disclosure prepared by Trans Union or any other consumer reporting agency, which forms the basis of this suit or any other claims you believe you have against Trans Union or any other person or entity.  With regard to each such alleged inaccuracy, identify:  (a) the date and preparer of the consumer report or disclosure in which it appeared; (b) the date upon which you first became aware of the alleged inaccuracy, and how you became aware of it; (c) what you contend is inaccurate and why; and (d) all persons with knowledge of the foregoing and state the details of their knowledge.

**ANSWER**:

7.      State what effect, if any, each alleged inaccuracy (identified in your response to Interrogatory No. 6) had, including but not limited to a denial of credit, any increase or variance in the applicable interest rate (and the amount of such increase, if any), or any variance in any of the terms of the transaction, how the inaccuracy caused the effect, whether other items or matters contributed to or acted with the effect of lost opportunities, whether any other person or entity

participated in causing, or contributed to causing, such damage, the dates thereof, and identify all persons with knowledge of the foregoing and state the details of their knowledge.

**ANSWER**:

8.      Identify all communications (written and oral) between you (or anyone acting on your behalf) and Trans Union or any other consumer reporting agency, including but not limited to, the date and method of each communication, the names and employers of all individuals participating in or present during each such communication, and the substance of each communication.

**ANSWER**:

9.      Identify all communications (written and oral) between you (or anyone acting on your behalf) and any furnisher of information to Trans Union or any other consumer reporting agency, including but not limited to, the date and method of each communication, the names and employers of all individuals participating in or present during each such communication, and the substance of each communication.

**ANSWER**:

10.    Identify any and all injuries and/or damages you claim to have suffered in this lawsuit and whether they resulted from any alleged action or inaction of Trans Union or any other person or entity.  With respect to each, identify:  (a) the injury and amount of damages sought; (b) how and why you believe Trans Union or another entity or person caused you to suffer such injury and damages; (c) whether any other person or entity participated in causing or was involved with such injury and damages; (d) your method of determining the type of injury and calculating the amount of damages; (e) any and all documents within your possession, custody or control which support or relate to your Response to this Interrogatory; and (f) all persons with knowledge of the foregoing and the details of their knowledge.

**ANSWER**:

11.    If you contend you have experienced any sort of physical, mental or emotional distress as the result of any alleged action or inaction of Trans Union or any other person or entity, describe with particularity each symptom you claim to have experienced, the frequency and severity of each symptom, the names of all persons with knowledge of the foregoing and the details of their knowledge, and state whether you have ever suffered them or sought medical treatment or counseling prior to or after the alleged wrongful actions or inactions of Trans Union or any other person or entity, including without limitation, psychiatric or psychological treatment or counseling, for any such alleged physical, mental or emotional distress.  If so, identify the date or dates on which you sought such treatment or counseling, how often you sought such treatment or

counseling, the name, business address and telephone number of each medical professional you consulted with and the diagnosis, if any, that resulted from such treatment or counseling.

**ANSWER**:

12.     If you  claim willful violations of the FCRA against Trans Union or any other person or entity in this case, please identify the complete factual and legal basis for such claims including, but not limited to:  (a) a description of each alleged act and/or omission by Trans Union or any other person or entity which you contend supports your claim for punitive damages; (b) the date each such act and/or omission occurred; (c) any and all laws, regulations or statutes (including specific subsections) relied upon to support such a claim; (d) any person or entity that contributed to or caused such violations; and (e) identify all persons with knowledge of the foregoing and the details of their knowledge.

**ANSWER**:

13.     Identify each section and subsection of 15 U.S.C. § 1681, <u>et seq.</u>, or other law that you allege Trans Union or any other person or entity violated in this matter, the facts which you contend relate to and support each such violation, all persons with knowledge of the foregoing and the details of their knowledge.

**ANSWER**:

14.    Identify any other information in your possession, custody or control relating to any of the claims or defenses in this matter or upon which you could base an assertion of any of the allegations of the Complaint or a denial of any defenses, identify all persons with knowledge of the facts which relate thereto, and state the details of their knowledge and their expected testimony, if any.

**ANSWER**:

15.    State whether any claims or legal proceedings have been made by or against you in the last ten years, and state all facts relating to them.

**ANSWER**:

16.    Identify and describe in detail (including the name of the institution and account number) each and every bank account, credit card account or other financial account that you have used to pay bills, including but not limited to utility bills, credit card bills, mortgage or rent payments, auto loans or loan payments of any kind, at any time during the past five (5) years.

**ANSWER**:

17.    State the dates you first and later obtained legal knowledge or advice relating to your claims, including but not limited to the dates of your first and later contacts with an attorney prior to filing suit and the name, address, and telephone number of that attorney.

**ANSWER**:

18.    Identify any requests to any person or entity for payments or benefits of any kind or character in connection with, as a result of, or relating to the matters involved in this lawsuit.

**ANSWER**:

19.    State whether any party to this case or any person identified by any person or entity as having knowledge of relevant facts or discoverable information have ever been involved in criminal activity or investigated, arrested, charged or convicted of a crime, and detail all facts relating to it.

**ANSWER**:

20.    For every response to Trans Union LLC's First Set Of Requests For Admission that contains anything other than an unqualified admission:

a. State each and every fact relating to or upon which you base your denial or qualified admission and, if insufficient knowledge is claimed, state all steps taken by you and/or your attorney to obtain the requisite knowledge for a good faith response to Trans Union's request;

**ANSWER**:

b. Describe each and every document you contend relates to or supports your denial or qualified admission and, if insufficient knowledge is claimed, identify all material reviewed to obtain the requisite information necessary for a good faith response; and

**ANSWER**:

c. Identify each and every person with knowledge of facts relating to or supporting your denial or qualified admission and state the specifics of their knowledge and, if insufficient knowledge is claimed, identify all individuals or entities contacted to obtain the requisite documentation or information necessary for a good faith response.

**ANSWER**:

Respectfully submitted,

Scott E. Brady, Esq. (30534-49)
Nermy J. Winner, Esq. (38591-49)
Quilling, Selander, Lownds, Winslett &
  Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  317-497-5600, Ext. 602 & 605
Fax:  317-899-9348
E-Mail:  sbrady@qslwm.com
E-Mail:  nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

**I AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE FOREGOING RESPONSES ARE TRUE TO THE BEST OF MY KNOWLEDGE.**

_____
Signature

_____
Printed Name

_____
Date

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, and/or email, on the **31st day of December, 2025**, properly addressed as follows:

| **Pro Se Plaintiff** | **for Defendant Equifax, Inc and Equifax Information Services, LLC** |
| --- | --- |
| Asanti Rodgers<br>1128 Burr Street<br>Gary, IN  46406<br>24princesslove@gmail.com | Neil R. Peluchette, Esq.<br>Taft Stettinius & Hollister, LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, IN  46204<br>npeluchette@taftlaw.com |

Scott E. Brady, Esq. (30534-49)
Nermy J. Winner, Esq. (38591-49)
Quilling, Selander, Lownds, Winslett &
 Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  317-497-5600, Ext. 602 & 605
Fax:  317-899-9348
E-Mail:  sbrady@qslwm.com
E-Mail:  nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*