**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA (HAMMOND)**

ASANTI RODGERS,
      Plaintiff,

    vs.

TRANS UNION, LLC; EQUIFAX, INC.;
and EQUIFAX INFORMATION
SERVICES, LLC;
      Defendants.

CASE NO.  2:25-cv-00242-PPS-AZ

Judge Philip P. Simon
Magistrate Abizer Zanzi

**TRANS UNION LLC'S**
**FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF**

Defendant Trans Union LLC ("Trans Union"), by counsel, tenders the following First Set Of Requests For Admission To Plaintiff (the "Requests"), pursuant to Rule 36 of the Federal Rules of Civil Procedure.  You are required to answer these Requests fully and without evasion, under oath and within thirty (30) days service, or they are deemed admitted.

**TERMS AND DEFINITIONS**

As used in this Request, the following terms shall have the meaning(s) set forth below:

1.     "**Plaintiff**," "**you**" and "**yours**" are defined as **Asanti Rodgers** and Plaintiff's attorney of record, any of Plaintiff's present or former agents, employees, attorneys, representatives, and any other person or entity purporting to act on Plaintiff's behalf.

2.     "**Defendant**" or "**Trans Union**" means Trans Union, LLC and its attorney(s) of record, its parents, subsidiaries, any entity with which it is affiliated or any of its present or former administrators, directors, officers, employees, agents, attorneys, representatives and any other person or entity acting or purporting to act on its behalf.

3.      "**Complaint**" is defined as Plaintiff's most recently filed Original, Supplemental or Amended Complaint.

4.      "**Person**" is defined as any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission or other such entity.

5.      "**Communicate**" and "**Communication**" are defined as (1) every manner or means of disclosure, transfer, or exchange of information, and (2) every disclosure, transfer or exchange of information, whether made or accomplished orally or by document, whether face-to-face, by telephone, mail, telex, facsimile, personal delivery, electronic mail (e-mail) or otherwise.

6.      "**Document**" means any tangible object or electronic data in any form or format whatsoever from which intelligence can be perceived.

7.      "**Relate to**" and "**relating to**" mean having any possible connection within the broadest sense of those terms.

8.      "**And**" means and/or and "**or**" means and/or.

9.      "**Including**" is defined as "including but not limited to."

10.     "**Employee**" is defined as any person who at any time during the time period covered by a request acted or purported to act on Plaintiff's behalf, including all past and present directors, officers, executives, agents, servants, representatives, attorneys, accountants, independent contractors, advisors, or consultants of such other person(s).

11.     "**State**," "**identify**" and "**detail**" mean to describe fully and with specificity each and every item of information and reasoning which explains the answer to be given including, but not limited to, identification of all documents and persons relating to or referring thereto; and identification of all communications and dates on the subject; and a statement of the dates and

substance of all acts or events relating in any way to the subject matter of the Request or Interrogatory.

12.     The use of the singular shall be deemed to include the plural, and the masculine and the feminine, as appropriate in the context.

13.     Every reference to a company encompasses the officers, directors, agents, servants, employees, attorneys, or representative of the company.

**REQUESTS FOR ADMISSION**

**Request No. 1**:  Admit you never have had a personal relationship with any person known to you to be a Trans Union employee.

**RESPONSE**:

**Request No. 2**:  Admit you never have personally met anyone known to you to be a Trans Union employee.

**RESPONSE**:

**Request No. 3**:  Admit you know of no reason why any Trans Union employee would want to cause you harm.

**RESPONSE**:

**Request No. 4**:  Admit that you are not aware of and have no evidence that any Trans Union employee ever misrepresented anything to you.

**RESPONSE**:

**Request No. 5**:  Admit that you are not aware of and have no evidence that any Trans Union employee ever concealed anything from you.

**RESPONSE**:

**Request No. 6**:  Admit the actions of Trans Union in handling your credit file and in dealing with you were not done with the intent to harm you.

**RESPONSE**:

**Request No. 7**:  Admit that no creditor has told you that you were denied credit or had terms changed based on a consumer report from Trans Union.

**RESPONSE**:

**Request No. 8**:  Admit that no creditor has told you that you were denied credit or had terms changed based on information you claim is inaccurate on a consumer report from Trans Union.

**RESPONSE**:

**Request No. 9**:  Admit that you have never had any oral communications with anyone at Trans Union.

**RESPONSE**:

**Request No. 10**:  Admit that you never had any written communications with Trans Union.

**RESPONSE**:

**Request No. 11**:  Admit that no one at Trans Union made a false statement in any oral communication to you.

**RESPONSE**:

**Request No. 12**:  Admit that no one at Trans Union made a false statement in any written communication to you.

**RESPONSE**:

**Request No. 13**:  Admit that no one at Trans Union made a false statement to you.

**RESPONSE**:

**Request No. 14**:  Admit that you have not been examined by a medical doctor as a result of the events which form the basis of this litigation.

**RESPONSE**:

**Request No. 15**:  Admit that you have not been examined by a psychologist as a result of the events which form the basis of this litigation.

**RESPONSE**:

**Request No. 16**:  Admit that you have not met with a psychiatrist as a result of the events which form the basis of this litigation.

**RESPONSE**:

**Request No. 17**:  Admit that you have not been examined by any mental health professional as a result of the events which form the basis of this litigation.

**RESPONSE**:


**Request No. 18**:  Admit that you have not been examined by any spiritual advisor as a result of the events which form the basis of this litigation.

**RESPONSE**:


**Request No. 19**:  Admit that you have not been examined by any counselor as a result of the events which form the basis of this litigation.

**RESPONSE**:


**Request No. 20**:  Admit that no medical professional has examined you to treat or diagnose any condition caused by the events which form the basis of this litigation.

**RESPONSE**:


**Request No. 21**:  Admit that you have not incurred any expenses in connection with medical, spiritual or counseling treatment resulting from the events which form the basis of this litigation.

**RESPONSE**:


**Request No. 22**:  Admit that Trans Union followed reasonable procedures to assure maximum possible accuracy of the information Trans Union reported with respect to you.

**RESPONSE**:


**Request No. 23**:  Admit that Trans Union has not violated any provision of the Fair Credit

Reporting Act, codified at 15 U.S.C. § 1681a, et seq., with respect to you.

**RESPONSE**:


**Request No. 24**:  Admit that you were not damaged as a result of any act or omission on

the part of Trans Union.

**RESPONSE**:


**Request No. 25**:  Admit that you were not denied credit or had terms changed as a result

of the information Trans Union reported with respect to you.

**RESPONSE**:


**Request No. 26**:  Admit that prior to filing the Complaint in this case, all allegedly

inaccurate information Trans Union had reported with respect to you had been corrected.

**RESPONSE**:


**Request No. 27**:  Admit that you have not suffered any emotional distress, humiliation,

embarrassment or mental anguish as a result of Trans Union's conduct.

**RESPONSE**:

**Request No. 28**:  Admit that you have not suffered any out-of-pocket loss as a result of any inaccurate information Trans Union has reported with respect to you.

**RESPONSE**:


**Request No. 29**:  Admit you took no actions to mitigate the damages you claim, including but not limited to those you claim were caused by Trans Union.

**RESPONSE**:


**Request No. 30**:  Admit that if the furnishers of the credit information you claim is inaccurate had not provided inaccurate information and/or not verified inaccurate information to Trans Union, you would not have suffered any damages.

**RESPONSE**:


**Request No. 31**:  Admit that Trans Union never furnished inaccurate information about you in a credit report to any third party.

**RESPONSE**:


**Request No. 32**:  Admit that Trans Union never furnished your credit report to any third party.

**RESPONSE**:


**Request No. 33**:  Admit that Trans Union's reinvestigation(s) of your dispute(s) regarding the information Trans Union reported with respect to you were reasonable.

**RESPONSE**:


**Request No. 34**:  Admit that no allegedly inaccurate information Trans Union reported

with respect to you was a factor that brought about any denial or change of terms of credit to you.

**RESPONSE**:


**Request No. 35**:  Admit that Trans Union did not knowingly commit any act or omission

in conscious disregard for your rights.

**RESPONSE**:


**Request No. 36**:  Admit that Trans Union did not intentionally commit any act or omission

in conscious disregard for your rights.

**RESPONSE**:


**Request No. 37**:  Admit that Trans Union did not recklessly commit any act or omission

in conscious disregard for your rights.

**RESPONSE**:


**Request No. 38**:  Admit that you are not asserting any state or common law claims against

Trans Union regarding the basis for this lawsuit.

**RESPONSE**:

Respectfully submitted,

_____
Scott E. Brady, Esq. (30534-49)
Nermy J. Winner, Esq. (38591-49)
Quilling, Selander, Lownds, Winslett &
  Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  317-497-5600, Ext. 602 & 605
Fax:  317-899-9348
E-Mail:  sbrady@qslwm.com
E-Mail:  nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, and/or email, on the **31st day of December, 2025**, properly addressed as follows:

| **Pro Se Plaintiff** | **for Defendant Equifax, Inc and Equifax Information Services, LLC** |
| --- | --- |
| Asanti Rodgers<br>1128 Burr Street<br>Gary, IN  46406<br>24princesslove@gmail.com | Neil R. Peluchette, Esq.<br>Taft Stettinius & Hollister, LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, IN  46204<br>npeluchette@taftlaw.com |

Scott E. Brady, Esq. (30534-49)
Nermy J. Winner, Esq. (38591-49)
Quilling, Selander, Lownds, Winslett &
 Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  317-497-5600, Ext. 602 & 605
Fax:  317-899-9348
E-Mail:  sbrady@qslwm.com
E-Mail:  nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*