# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ASANTI RODGERS | ) | |
| | ) | CASE NO. 2:25-cv-00242-PPS-AZ |
| Plaintiff, | ) | |
| V. | ) | |
| TRANSUNION, LLC | ) | |
| EQUIFAX, INC | ) | |
| EQUIFAX INFORMATION SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT TRANS UNION LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

1. Identify the person answering these Interrogatories, all persons who assisted in the preparation of the answers, and state how each person participated in the preparation of the answers and identify their Social Security numbers.

ANSWER:

Plaintiff Asanti Rodgers answered all questions to the best of her knowledge alone.

Plaintiff objects to providing her Social Security number on the public docket pursuant to Federal Rule of Civil Procedure 5.2. Defendant already possesses Plaintiff's Social Security number in its capacity as a consumer reporting agency. If necessary, Plaintiff will provide the last four of her SSN through a mutually agreed protective method.

2. State your full name (complete first name, middle name, and last name), nicknames, former names, and/or aliases which you have used and the periods during which each name was used, social security number (and, if more than one, state when each social security number was obtained and used), date of birth, and every address you have used in the last ten (10) years, including your present address, and the dates you used each address.

ANSWER:

Asanti I'mahn Rodgers (no other names and or nicknames)

Date of Birth: 09/24/1997

Plaintiff objects to providing her Social Security number on the public docket pursuant to Federal Rule of Civil Procedure 5.2. Defendant already possesses Plaintiff's Social Security number in its capacity as a consumer reporting agency. If necessary, Plaintiff will provide the last four of her SSN through a mutually agreed protective method.

Addresses within the past seven years:

• 1128 Burr Street, Gary, IN 46406 — Start to Present (to my best knowledge)

• 807 S. Post Oak Lane, Apt. 2114, Houston, TX 77056 — May 2022 to May 2023

3. State your work history for the last five (5) years, including the names and addresses of each employer, each supervisor's name, each job title you held, the responsibilities of each job, the dates of each job, your salary or rate of pay at each job, and the reason each job 9iwas left.

ANSWER:

Within the past five years, Plaintiff's work history is as follows:

• Amazon Flex — Independent Contractor Worker 2021 Compensation: Variable, based on shifts accepted

• Uber — Independent Contractor Driver/Delivery 2020 to 2024 Compensation: Variable, based on rides and deliveries completed

• Lyft — Independent Contractor Driver 2020 to Present Compensation: Variable, based on rides completed

4. State the name, address and telephone number of every person or entity with which you have applied for credit, from which you have received credit or which has reviewed your credit history, report or rating in the last seven (7) years, and for each person or entity identified state the type and date of credit transaction involved, the terms of the credit, the amount you sought to finance, the disposition or outcome of the credit transaction, the reasons provided therefor, identify all persons with knowledge of the foregoing and state the details of their knowledge.

ANSWER: Plaintiff objects to this Interrogatory to the extent it seeks a comprehensive seven-year history of every credit interaction as overbroad and not proportional to the needs of this action pursuant to Federal Rule of Civil Procedure 26(b)(1). While Plaintiff's claims involve inaccurate reporting, Plaintiff is only claiming specific damages tied to applications and adverse actions occurring in 2024–present.

Subject to and without waiving these objections, Plaintiff states as follows:

1.      Limited Records: After reasonable inquiry, Plaintiff does not possess a comprehensive list of every credit application or review over a seven-year period.

2.      Applications Relevant to Claimed Damages 2024–Present:

•       Automobile Financing Application: Plaintiff applied for vehicle financing in approximately 2024 and 2025 seeking to finance a vehicle purchase. The applications were denied. Plaintiff received an adverse action notices indicating that negative items appearing on her Trans Union consumer report contributed to the decision.

• Housing: Plaintiff inquired with certain housing providers regarding rental qualification requirements. Plaintiff discussed her credit score and concerns. Plaintiff contends that the inaccurate reporting negatively impacted her ability to pursue housing opportunities.

3.      Entities Reviewing Credit: Plaintiff identifies entities listed in the "Inquiries" section of her Trans Union and Equifax consumer disclosures from 2024 and 2025 as persons or entities that reviewed her credit history. Those disclosures are being produced.

4.      Persons with Knowledge: Plaintiff and authorized representatives of the lenders or housing providers reflected in the adverse action notices and inquiries.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).

5. With respect to each application or extension of credit identified in response to Interrogatory No. 4, state whether you allege that any action and/or inaction of Trans Union or any other person or entity affected such application for or extension of credit in any way. If so, please specify what effect such action and/or inaction allegedly had, including but not limited to, the denial of credit, any increase in variance in the applicable interest rate (and the amount of such increase, if any), any variance in any of the terms of the transaction, identify all persons with knowledge of the foregoing and state the details of their knowledge.

ANSWER: Yes.

Automobile Financing Application:

Plaintiff alleges that Trans Union's failure to maintain accurate reporting and to properly reinvestigate disputed information adversely affected her automobile financing applications. Plaintiff was denied financing. The adverse action was based on negative account reporting appearing on her Trans Union consumer report at the time of the application, including disputed and inaccurate account information. As a result of the denials, Plaintiff was unable to obtain vehicle financing and was required to rent a vehicle for work, which reduced her net income and increased her expenses.

Housing Inquiries:

Plaintiff contends that inaccurate reporting impaired her ability to qualify for rental housing. She reasonably believes that the negative reporting impacted her housing prospects.

Persons with knowledge include Plaintiff and representatives or underwriters associated with the dealership and/or financing entity that processed the application.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).

6. Identify each and every inaccuracy you contend exists or ever existed in any consumer report or disclosure prepared by Trans Union or any other consumer reporting agency, which forms the basis of this suit or any other claims you believe you have against Trans Union or any other person or entity. With regard to each such alleged inaccuracy, identify: (a) the date and preparer of the consumer report or disclosure in which it appeared; (b) the date upon which you first became aware of the alleged inaccuracy, and how you became aware of it; (c) what you contend is inaccurate and why; and (d) all persons with knowledge of the foregoing and state the details of their knowledge.

ANSWER:

Plaintiff objects to this Interrogatory to the extent it seeks a narrative restatement of information that is fully itemized in documents being produced in this matter.

Subject to and without waiving this objection, Plaintiff states as follows:

The alleged inaccuracies appearing on Trans Union consumer disclosures during the relevant time period include, but are not limited to:

• Both MOHELA / Department of Education accounts
• Exeter Finance account
• NCB Management Services account
• Credit Acceptance Corporation account
• Discover Bank account
• Collection accounts including Caine & Weiner, Both Credit Collection Services accounts, and Sequium Asset Solutions
• Unauthorized or impermissible inquiries
• Inaccurate addresses and personal identifying information

The specific nature of each inaccuracy, the report in which it appeared, the dates Plaintiff became aware, and the basis for disputing each item are set forth in Plaintiff's document titled "TransUnion Violations" and the dispute letters sent to Transunion which is being produced contemporaneously with these responses.

The reports at issue were prepared by Trans Union, Equifax and Experian and provided to Plaintiff in 2024–2025, including disclosures accompanying Trans Union's dispute investigation responses.

Specifically, for pertaining to the Equifax Reports
• I. MOHELA / DEPARTMENT OF EDUCATION – ACCOUNT NOS. 0001 & 0002
• 1 NCB MANAGEMENT SERVICES, I – ACCOUNT NO. 41
• CAINE & WEINER COMPANY INC – ACCOUNT NO. 58
• CREDIT COLLECTIONS – ACCOUNT NOS. 14 & 07
• SEQUIUM ASSET SOLUTIONS L – ACCOUNT NO. 87
• CREDIT ACCEPTANCE CORPORAT – ACCOUNT NO. 2990
• DISCOVER BANK – ACCOUNT NO. 6762
• Unauthorized inquiries identified in Plaintiff's dispute correspondence
• Houston, Texas address reported as "current" after Plaintiff relocated
The specific inaccuracies associated with each tradeline are described in Plaintiff's document titled "Equifax Violations," which will be produced contemporaneously with or shortly following service of these responses.

Persons with knowledge include Plaintiff, representatives of Trans Union, Experian Equifax, lenders, Credit repair specialist, leasing agents and the respective furnishers they have knowledge on disputes and or can see the inaccuracies reporting.

To the extent this Interrogatory seeks information regarding consumer reporting agencies other than Trans Union and Equifax, such information is not relevant to the claims asserted against Trans Union and Equifax in this action.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).

7. State what effect, if any, each alleged inaccuracy (identified in your response to Interrogatory No. 6) had, including but not limited to a denial of credit, any increase or variance in the applicable interest rate (and the amount of such increase, if any), or any variance in any of the terms of the transaction, how the inaccuracy caused the effect, whether other items or matters contributed to or acted with the effect of lost opportunities, whether any other person or entity participated in causing, or contributed to causing, such damage, the dates thereof, and identify all persons with knowledge of the foregoing and state the details of their knowledge.

ANSWER:

The inaccurate reporting identified in Response to Interrogatory No. 6 negatively affected Plaintiff's credit profile, credit score, and overall creditworthiness.

Specifically:

• Plaintiff was denied automobile financing in or about 2024–2025.

• Plaintiff's credit score was adversely impacted by the presence of disputed accounts, collection reporting, inaccurate address information, and unauthorized inquiries.

• The inaccurate reporting caused Plaintiff to appear as a higher credit risk to prospective lenders.

• Plaintiff contends the negative reporting impaired her ability to obtain and pursue housing.

• To the extent Trans Union furnished consumer reports in response to inquiries while inaccurate information remained on the file, such reporting contributed to adverse credit decisions.

As a result of the vehicle financing denial, Plaintiff was required to rent a vehicle through a rideshare rental program at substantial weekly cost, reducing net earnings and limiting work flexibility.

The harm was caused by the presence of disputed accounts, collection reporting, inaccurate personal information, and unauthorized inquiries on Plaintiff's credit file at the time reports were furnished.

Plaintiff is producing adverse action notices currently within her possession and reserves the right to supplement pursuant to Rule 26(e).

8. Identify all communications (written and oral) between you (or anyone acting on your behalf) and Trans Union or any other consumer reporting agency, including but not limited to, the date and method of each communication, the names and employers of all individuals participating in or present during each such communication, and the substance of each communication.

ANSWER:

Plaintiff objects to this Interrogatory to the extent it seeks identification of every informal or undocumented communication beyond Plaintiff's reasonable recollection.

Subject to and without waiving this objection, Plaintiff responds as follows:

Plaintiff communicated with Trans Union and Equifax through written dispute correspondence and investigation-related communications during the relevant period, including but not limited to:

Written Communications :

• January 2025 - March, 2025

Method: Certified U.S. Mail

Substance: Formal disputes regarding inaccurate account reporting, identity theft-related accounts, inaccurate personal identifying information, unauthorized inquiries, and requests for reinvestigation and blocking under the FCRA.

Multiple Written Responses from Trans Union and Equifax:

• From February 2025 - September 2025

Method: Written correspondence and electronic communication

Substance: Requests for additional identification, requests for human trafficking documentation, investigation-complete notices, statements of deletion or verification, reinsertion notices, litigation and fraud alert notification.

Plaintiff does not recall the names of specific Trans Union or Equifax personnel involved, as communications were received in corporate correspondence without individual identification.

No oral communications are presently recalled beyond routine website interactions or automated systems.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).

9. Identify all communications (written and oral) between you (or anyone acting on your behalf) and any furnisher of information to Trans Union or any other consumer reporting agency, including but not limited to, the date and method of each communication, the names and employers of all individuals participating in or present during each such communication, and the substance of each communication.

ANSWER:

Plaintiff objects to this Interrogatory to the extent it seeks identification of undocumented or informal communications beyond Plaintiff's reasonable recollection.

Subject to and without waiving this objection, Plaintiff responds as follows:

Plaintiff communicated with certain furnishers of information appearing on her consumer reports, including but not limited to:

• Discover Bank

• Credit Acceptance Corporation

• MOHELA / Department of Education

Method: Written correspondence and dispute-related communications; in some instances, litigation or arbitration-related communications.

Substance: Disputes regarding account validity, identity theft assertions, requests for validation, requests for removal, and notice of inaccurate reporting.

Plaintiff does not presently recall the names of specific individuals involved in such communications, as correspondence was conducted through corporate mailings, automated systems, or legal channels.

To the extent communications occurred through arbitration or litigation proceedings, those records speak for themselves.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).

10. Identify any and all injuries and/or damages you claim to have suffered in this lawsuit and whether they resulted from any alleged action or inaction of Trans Union or any other person or entity. With respect to each, identify: (a) the injury and amount of damages

sought; (b) how and why you believe Trans Union or another entity or person caused you to suffer such injury and damages; (c) whether any other person or entity participated in causing or was involved with such injury and damages; (d) your method of determining the type of injury and calculating the amount of damages; (e) any and all documents within your possession, custody or control which support or relate to your Response to this Interrogatory; and (f) all persons with knowledge of the foregoing and the details of their knowledge.

ANSWER:

Plaintiff claims the following injuries and damages:

(a) Type of Injury and Damages Sought:

• Denial of vehicle financing;

• Housing expenses and or denials

• Ongoing vehicle rental expenses;

• Reduction in net income;

• Emotional distress, including anxiety, insomnia, fatigue, and difficulty concentrating;

• Out-of-pocket expenses including certified mail, dispute-related costs, and credit repair service fees.

(b) Causation:

Plaintiff contends these damages resulted from Trans Union's continued reporting and furnishing of inaccurate and disputed information after receiving written disputes and identity theft documentation.

(c) Contribution of Other Entities:

To the extent furnishers supplied inaccurate information, Plaintiff contends Trans Union nevertheless had an independent statutory duty to conduct a reasonable reinvestigation and assure maximum possible accuracy.

(d) Method of Calculation:

• Vehicle rental expenses began in or about August 2024 and have ranged approximately $380–$431 per week.

• Income reduction is calculated based on diminished net earnings attributable to financing denial and rental costs.

• Certified mail and dispute-related expenses are calculated based on receipts.

(e) Supporting Documents:

• Dispute correspondence;

• Identity theft documentation;

• Adverse action notices;

• Rental expense documentation to the extent available.

(f) Persons with Knowledge:

• Plaintiff;

• Regina Boyd (regarding emotional distress and impact);

• Representatives of lending institutions who issued denial notices and or plaintiff inquired.

Plaintiff is continuing to calculate damages and reserves the right to supplement pursuant to Rule 26(e).

11. If you contend you have experienced any sort of physical, mental or emotional distress as the result of any alleged action or inaction of Trans Union or any other person or entity, describe with particularity each symptom you claim to have experienced, the frequency and severity of each symptom, the names of all persons with knowledge of the foregoing and the details of their knowledge, and state whether you have ever suffered them or sought medical treatment or counseling prior to or after the alleged wrongful actions or inactions of Trans Union or any other person or entity, including without limitation, psychiatric or psychological treatment or counseling, for any such alleged physical, mental or emotional distress. If so, identify the date or dates on which you sought such treatment or counseling, how often you sought such treatment or counseling, the name, business address and telephone number of each medical professional you consulted with and the diagnosis, if any, that resulted from such treatment or counseling.

ANSWER:

Plaintiff contends that as a result of the inaccurate reporting and failure to properly reinvestigate disputes by Trans Union and Equifax, she experienced the following symptoms:

• Insomnia and difficulty sleeping

• Heightened anxiety

• Persistent stress

• Difficulty concentrating

• Fatigue associated with lack of sleep

Frequency and Severity:

These symptoms have been ongoing since at least 2024 and intensified during the January–March 2025 dispute period and following continued reporting and reinsertion of disputed information. The sleep disturbance occurs several nights per week. Anxiety and stress have been persistent and situationally heightened when receiving investigation-complete letters that did not resolve inaccuracies and litagation.

Persons with Knowledge:

Plaintiff. To the extent friends or family observed stress or sleep disturbance, they may have general knowledge of Plaintiff's condition.

Plaintiff has not received psychiatric or psychological counseling specific to these claims and has not been diagnosed with any psychological condition as a result of the alleged conduct. Plaintiff has not sought formal medical treatment for these symptoms.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).

12. If you claim willful violations of the FCRA against Trans Union or any other person or entity in this case, please identify the complete factual and legal basis for such claims including, but not limited to: (a) a description of each alleged act and/or omission by Trans Union or any other person or entity which you contend supports your claim for punitive damages; (b) the date each such act and/or omission occurred; (c) any and all laws, regulations or statutes (including specific subsections) relied upon to support such a claim; (d) any person or entity that contributed to or caused such violations; and (e) identify all persons with knowledge of the foregoing and the details of their knowledge.

ANSWER:

Plaintiff alleges willful violations of the FCRA by Trans Union and Equifax based on the following acts and omissions:

(a) Acts and Omissions Supporting Willfulness

1. Reporting inaccurate account information and personal identifying information despite prior disputes.

2. Issuing investigation-complete letters while disputed accounts remained on the consumer report.

3. Representing that certain accounts were deleted while contemporaneous disclosures continued to show those accounts.

4. Reinserting or continuing to report disputed accounts after prior deletion representations.

5. Refusing to block identity theft-related information after receipt of supporting documentation.

6. Repeatedly requesting human trafficking documentation when Plaintiff did not assert human trafficking.

7. Continuing to furnish consumer reports containing disputed information to third parties.

(b) Dates of Conduct

The conduct occurred during and after Plaintiff's written disputes dated from January -March 2025, and continued through investigation responses issued between February and September 2025.

(c) Statutory Provisions Relied Upon

• 15 U.S.C. § 1681e(b)

• 15 U.S.C. § 1681i(a)

• 15 U.S.C. § 1681i(a)(5)(B)

• 15 U.S.C. § 1681c-2

• 15 U.S.C. § 1681b

• 15 U.S.C. § 1681n (willful noncompliance)

(d) Persons or Entities Contributing

• Trans Union dispute and compliance personnel

• Equifax dispute and compliance personnel

• Furnishers of disputed accounts to the extent they provided inaccurate verification responses

(e) Persons with Knowledge

• Plaintiff

• Trans Union employees involved in dispute processing

• Equifax employees involved in dispute processing

• Representatives of furnishers who responded to dispute verifications

The factual bases for these claims are reflected in Plaintiff's dispute correspondence, Defendants' investigation letters, and consumer disclosures produced in this matter.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).


13. Identify each section and subsection of 15 U.S.C. § 1681, et seq., or other law that you allege Trans Union or any other person or entity violated in this matter, the facts which you contend relate to and support each such violation, all persons with knowledge of the foregoing and the details of their knowledge.

ANSWER:

Plaintiff identifies the following provisions of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) that Defendants Trans Union and Equifax violated, as reflected in the dispute correspondence and investigation responses being produced in this matter:

1. 15 U.S.C. § 1681e(b) – Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

Defendants reported and furnished consumer reports containing inaccurate account information, collection tradelines, personal identifying information, and inquiries despite prior disputes and supporting documentation.

2. 15 U.S.C. § 1681i(a) – Failure to Conduct Reasonable Reinvestigation

After Plaintiff's written disputes dated from January - March 2025, Defendants issued investigation-complete letters while continuing to report disputed information. In multiple instances, accounts were stated as deleted but continued to appear on consumer disclosures.

3. 15 U.S.C. § 1681i(a)(5)(B) – Improper Reinsertion of Information

After deletion misrepresentations, certain accounts were later said they reinserted and  continued to appear without proper statutory notice.

4. 15 U.S.C. § 1681c-2 – Failure to Block Identity Theft Information

Plaintiff provided identity theft documentation and requested blocking of specific accounts. Defendants refused to block certain information and instead demanded additional documentation, including requests for human trafficking documentation that Plaintiff did not assert.

5. 15 U.S.C. § 1681b – Permissible Purpose

Defendants furnished consumer reports in response to inquiries while inaccurate information remained on Plaintiff's file.

6. 15 U.S.C. §§ 1681n and 1681o – Willful and Negligent Noncompliance

Defendants' repeated failure to correct inaccuracies, contradictory investigation responses, reinsertion conduct, refusal to block information, and continued reporting after notice constitute willful and/or negligent noncompliance.

The factual bases for each violation are set forth in Plaintiff's dispute correspondence, Defendants' written investigation responses dated February–July 2025, and the consumer disclosures produced in this matter. To the extent further detail is required, the produced documents reflect the timeline and substance of each violation.

Persons with knowledge include Plaintiff and the dispute and compliance personnel of Trans Union and Equifax involved in handling Plaintiff's disputes.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).

14. Identify any other information in your possession, custody or control relating to any of the claims or defenses in this matter or upon which you could base an assertion of any of the allegations of the Complaint or a denial of any defenses, identify all persons with knowledge of the facts which relate thereto, and state the details of their knowledge and their expected testimony, if any.

ANSWER:

Plaintiff identifies the following information within her possession, custody, or control relating to the claims in this matter:

1. Written dispute correspondence sent to Trans Union and Equifax in January–March 2025.

2. Consumer disclosures issued by Trans Union and Equifax during 2024–2025.

3. Adverse action notice(s) relating financing denials.

4. Identity theft affidavit and supporting documentation.

5. Documentation relating to student loan discharge.

6. 1099 income documentation reflecting income before and after vehicle financing denial.

7. Rental vehicle payment records.

8. Correspondence from Defendants relating to dispute outcomes and fraud alerts.

Persons with Knowledge:

• Plaintiff – knowledge of disputes, damages, and impact of reporting.

• Representatives of Trans Union and Equifax – knowledge of reporting procedures, dispute handling, and reinvestigation actions.

• Representatives of furnishers of disputed accounts – knowledge of furnishing practices and responses to disputes.

• Representatives of the financing entities – knowledge of denial decision and reliance on consumer report information.

Plaintiff expects testimony consistent with the above categories.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).

15. State whether any claims or legal proceedings have been made by or against you in the last ten years and state all facts relating to them.

ANSWER:

Discover Bank v. Rodgers: (Debt Collection). Civil Collections Approximately $3,000 Summary Judgement Case Number: 45D03-2402-CC-001208

Rodgers v. Credit Acceptance Corp: (Active Arbitration) Case# 01-26-0000-9431

Plaintiff further identifies the Credit Acceptance Corporation account ending in 2990 as the subject of a separate dispute and active arbitration proceeding. Plaintiff contends that the Credit Acceptance transaction was fraudulently induced and entered into after her credit profile had been materially impacted by identity theft. Plaintiff disputes the accuracy and statutory compliance of the reporting of that account.

16. Identify and describe in detail (including the name of the institution and account number) each and every bank account, credit card account or other financial account that you have used to pay bills, including but not limited to utility bills, credit card bills, mortgage or rent payments, auto loans or loan payments of any kind, at any time during the past five (5) years.

ANSWER: Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this action pursuant to Federal Rule of Civil Procedure 26(b)(1). The request seeks detailed identification of all financial accounts used over a five-year period, which is not relevant to whether Trans Union prepared or furnished inaccurate consumer information. Plaintiff further objects to the production of confidential and sensitive private financial account information.

Plaintiff further objects to the extent the Interrogatory seeks private financial account information unrelated to the specific damages claimed.

Subject to and without waiving these objections, Plaintiff states that the rental vehicle expenses claimed in this action were deducted directly from Plaintiff's Lyft earnings through the Lyft platform beginning in 2024. Plaintiff is only claiming rental expenses and reduction in net income from 2024 to present. Plaintiff's 1099 forms and earnings statements reflect her income

during this period and will be produced as supporting documentation. No additional personal banking account details are relevant to the claims asserted.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).

17. State the dates you first and later obtained legal knowledge or advice relating to your claims, including but not limited to the dates of your first and later contacts with an attorney prior to filing suit and the name, address, and telephone number of that attorney.

ANSWER: Plaintiff is representing herself pro se in this matter. She obtained general legal knowledge regarding her rights under the FCRA prior to sending her first formal demand on January 31, 2025, and she has been reading books recommended by regulatory agencies for related claims.

18. Identify any requests to any person or entity for payments or benefits of any kind or character in connection with, as a result of, or relating to the matters involved in this lawsuit.

ANSWER:

Plaintiff has requested compensation from Trans Union and Equifax in written dispute correspondence relating to the inaccurate reporting at issue in this lawsuit. Those written demands are reflected in Plaintiff's January–March 2025 correspondence, which is being produced.

Plaintiff has not received any payments, settlements, insurance proceeds, or other benefits relating to the matters involved in this lawsuit.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).

19. State whether any party to this case or any person identified by any person or entity as having knowledge of relevant facts or discoverable information have ever been involved in criminal activity or investigated, arrested, charged or convicted of a crime, and detail all facts relating to it.

ANSWER:

Plaintiff has not been involved in criminal activity or investigated, arrested, charged or convicted of a crime other than traffic violations.

20. For every response to Trans Union LLC's First Set of Requests For Admission that contains anything other than unqualified admission:

A. State each and every fact relating to or upon which you base your denial or qualified admission and, if insufficient knowledge is claimed, state all steps taken by you and/or your attorney to obtain the requisite knowledge for a good faith response to Trans Union's request.

ANSWER:

Plaintiff objects to this Interrogatory to the extent it seeks a narrative restatement of all evidence supporting every denial contained in Plaintiff's Responses to Requests for Admission, as such information is already set forth in Plaintiff's Complaint, written dispute correspondence, identity theft documentation, consumer disclosures, and other documents being produced in this matter.

Subject to and without waiving this objection, Plaintiff states that her denials are based on the following facts:

• The presence of disputed and inaccurate accounts on Plaintiff's Trans Union consumer disclosures;

• Written disputes submitted to Trans Union in January–March 2025;

• Trans Union's continued reporting of disputed items after receiving identity theft documentation;

• The furnishing of consumer reports to third parties while inaccuracies remained;

• Adverse action notices relating to credit applications;

• Ongoing damages including denial of vehicle financing and resulting rental expenses.

Plaintiff conducted reasonable inquiry by reviewing her consumer disclosures, dispute correspondence, adverse action notices, and related documentation prior to responding to the Requests for Admission.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).

B. Describe each and every document you contend relates to or supports your denial or qualified admission and, if insufficient knowledge is claimed, identify all material reviewed to obtain the requisite information necessary for a good faith response; and

ANSWER:

Documents supporting Plaintiff's denials include:

• Trans Union and Equifax consumer reports and disclosures;

• Written dispute correspondence dated January–March 2025;

• Identity theft report and supporting documentation;

• CFPB complaint and related responses;

• Trans Union and Equifax dispute response letters;

• Adverse action notices;

• Rental expense documentation;

• Any correspondence from furnishers relating to disputed accounts.

These documents are being produced or have already been produced in this matter.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).

C. Identify each and every person with knowledge of facts relating to or supporting your denial or qualified admission and state the specifics of their knowledge and, if insufficient knowledge is claimed, identify all individuals or entities contacted to obtain the requisite documentation or information necessary for a good faith response.

ANSWER:

Persons with knowledge relating to Plaintiff's denials include:

• Plaintiff;

• Regina Boyd (knowledge of damages and emotional distress);

• Representatives of lending institutions who issued adverse action notices;

• Representatives of furnishers who received disputes;

• TransUnion and Equifax employees responsible for processing Plaintiff's disputes and reinvestigations.

After reasonable inquiry, Plaintiff has identified all persons presently known to her with relevant knowledge and reserves the right to supplement pursuant to Rule 26(e).

I AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE FOREGOING
RESPONSES ARE TRUE TO THE BEST OF MY KNOWLEDGE.

_____
**Signature**

_____Asanti Rodgers_____
**Printed Name**

_____02/27/2026_____
**Date**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served on the
following parties via email (as agreed) on the 27th day of
February 2026, properly addressed as follows:

Defendant Equifax, Inc and Equifax
Information Services, LLC
Neil R. Peluchette,
Taft Stettinius &amp; Hollister, LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
npeluchette@taftlaw.com

Defendant Transunion, LLC
Scott E. Brady and Nermy J. Winner,
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
E-Mail: sbrady@qslwm.com
E-Mail: nermy.winner@qslwm.com

_____

Asanti Rodgers, Pro Se
1128 Burr St,
Gary, IN 46406
24princesslove@gmail.com