# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ASANTI RODGERS ) | |
| ) | CASE NO. 2:25-cv-00242-PPS-AZ |
| Plaintiff, ) | |
| V. ) | |
| TRANSUNION, LLC ) | |
| EQUIFAX, INC ) | |
| EQUIFAX INFORMATION SERVICES, LLC ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT TRANS UNION LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

1. All documents relating to your credit file or any accounts contained therein,

including but not limited to documents you created, sent to or received from Trans Union or any

other defendant, consumer reporting agency, creditor, person or entity.

RESPONSE:

Subject to and without waiving objections, Plaintiff will produce:

• Written dispute correspondences.

• Consumer disclosures issued by Trans Union and Equifax in 2024–2025.

• Investigation-complete letters and related responses from Defendants and Furnishers relating to 2025 disputes.

• The document titled "Trans Union Violations."

• The document titled "Equifax Violations."

Plaintiff reserves the right to supplement.

2. All documents relating to the claims, assertions or defenses in this matter,

including but not limited to documents reflecting the knowledge of any party or third-party

relating to your credit file, your claims, and Trans Union's or any other party's defenses.

RESPONSE:

Plaintiff will produce documents identified in Response No. 1 and any additional documents supporting Plaintiff's claims and damages.

Plaintiff objects to the extent this request seeks documents not within Plaintiff's possession, custody, or control.

3. All documents sent to or received by you (or anyone on your behalf) from and to

any of your creditors, entities reported to be your creditor, debt collectors, or persons or entities

with whom you have applied for credit in the last seven (7) years.

RESPONSE:

Plaintiff objects to this request to the extent it seeks documents beyond the relevant time period of 2024–present, as Plaintiff's claims and damages in this action arise from reporting and dispute conduct occurring during that period.

Subject to this objection, Plaintiff will produce responsive non-privileged documents within her possession, custody, or control for the period 2024–present.

4. All documents relating to documents sent to or received from any consumer

reporting agency, including but not limited to, Trans Union.

RESPONSE:

Plaintiff will produce written correspondence and disclosures from Trans Union and Equifax during the relevant time period (2024–2025).

5. Each and every consumer report or other disclosure, as those terms are defined in

15 U.S.C. § 1681, et seq., made about you, obtained from any source in the seven (7) years prior

to the filing of the complaint in this action.

RESPONSE:

Plaintiff objects to this request as overbroad and not proportional to the needs of the case to the extent it seeks consumer reports unrelated to the time period and claims at issue.

Subject to this objection, Plaintiff will produce consumer disclosures obtained during 2024–2025.

6. All documents which relate to or support any monetary damages claims including but not limited to all documents which reflect any denials, rate changes, charges or expenses incurred by you, for which you are seeking remuneration in this lawsuit.

RESPONSE:

Plaintiff will produce:

• Adverse action notice(s)/ denial

• Rental vehicle payment documentation (2024–present)

• 1099 income documentation reflecting income before and after denial

• Certified mail receipts

• Credit repair expense documentation

Plaintiff reserves the right to supplement as damages calculations continue.

7. All documents relating to any physical damages claimed, including any relating to pre-existing or prior health, physical or psychological problems.

RESPONSE:

Plaintiff has not received formal medical treatment for the symptoms described in discovery responses and therefore has no responsive medical records.

Plaintiff objects to the extent this request seeks unrelated prior medical history.

8. All documents evidencing, referring or relating in any way to the amount and calculation of attorney's fees and costs incurred by you in this action, and attributable to Trans Union's or others' alleged violation of 15 U.S.C. § 1681, et seq., or other law.

RESPONSE:

Plaintiff is proceeding pro se and has not incurred attorney's fees yet as no attorney on my behalf has appeared yet. Responsive documents consist of filing fee receipts and related court costs. Plaintiff reserves the right to supplement as calculations continue.

9. All documents identified or requested to be identified in response to Trans Union

LLC's First Set of Interrogatories to Plaintiff.

RESPONSE:

See documents identified in prior responses, including dispute correspondence, consumer disclosures, investigation letters, damages documentation, and violations summaries.

10. All documents by and between the parties.

RESPONSE:

Plaintiff will produce written correspondence exchanged between Plaintiff and Defendants during the relevant period.

11. All documents provided to, received from or prepared by any expert relating to this matter, considered or relied upon to formulate each of the opinions in any report prepared by the expert, and all documents relating to such expert's activities in other credit reporting matters for the last ten years, including, but not limited to work papers, correspondence, reports, and testimony.

RESPONSE:

Plaintiff has not retained any expert at this time. No responsive documents.

12. All documents relating to statements made by any party, witness or other person relating to any of the matters involved in this suit.

RESPONSE:

Plaintiff will produce written communications and letters referenced in prior responses.

Plaintiff does not have any recorded witness statements yet. Plaintiff reserves the right to supplement.

13. Your financial statements and federal and state tax returns for the last five (5) years.

RESPONSE:

Plaintiff objects to this request as overly broad, invasive, and not proportional to the needs of the case. Plaintiff's complete tax returns and financial statements are not relevant to the FCRA liability issues in this action.

Subject to this objection, Plaintiff will produce 1099 income documentation for 2023–present relevant to claimed income reduction.

14. All documents relating to requests made by you upon any person or entity for payments or benefits of any kind or character sought in connection with, as a result of, or relating to matters relating to the matters involved in this suit.

RESPONSE:

Plaintiff will produce written demand letters sent to Defendants seeking compensation for alleged violations.

15. All documents reflecting any criminal conviction of any party to this case or of any person identified by any person or entity as having knowledge of relevant facts or as having knowledge of discoverable information.

RESPONSE:

Plaintiff is not aware of any criminal convictions of any party relevant to this action and has no responsive documents in her possession.

16. Provide copies of complete monthly statements for each and every bank account, credit card account or other financial account that you have used to pay bills, including but not limited to utility bills, credit card bills, mortgage or rent payments, auto loans or loan payments of any kind, at any time during the past five (5) years.

RESPONSE:

Plaintiff objects to this request as overbroad, invasive of financial privacy, and not proportional to the needs of the case. Complete monthly bank statements for five years are not relevant to whether Defendants violated the FCRA.

Subject to this objection, Plaintiff will produce documentation specifically reflecting rental vehicle expenses and other claimed out-of-pocket costs.

17. All documents relating to insurance, indemnity or payment which may cover any damages sought.

RESPONSE:

Plaintiff is not aware of any insurance coverage applicable to the damages sought and has no responsive documents.

18. All documents reviewed for pleadings, filings and discovery responses.

RESPONSE:

Plaintiff objects to this request to the extent it seeks attorney work product or mental impressions.

Subject to this objection, responsive non-privileged documents have been or will be produced.

19. All documents relating to claims or suits relating to credit or credit reporting which have been made by or against you in the last ten (10) years.

RESPONSE:

Plaintiff objects to this request to the extent it seeks documents relating to arbitration proceedings with Credit Acceptance Corporation and separate litigation involving Discover Bank, as overbroad and not proportional to the needs of this FCRA action pursuant to Federal Rule of Civil Procedure 26(b)(1).

The arbitration with Credit Acceptance concerns contractual defenses and allegations of fraudulent inducement. The Discover Bank litigation concerns collection activity relating to an account Plaintiff has identified as resulting from identity theft. These proceedings involve underlying contractual and liability issues and do not alter Defendants' independent statutory duties under the Fair Credit Reporting Act, including but not limited to 15 U.S.C. §§ 1681e(b), 1681i, and 1681c-2.

Subject to and without waiving these objections, Plaintiff will produce any non-privileged documents from those proceedings that directly relate to how the accounts were reported on her consumer reports during the relevant time period, including documents reflecting disputes, identity theft assertions, or reporting inaccuracies.

Plaintiff objects to the production of confidential arbitration communications, settlement discussions, work product, or other materials protected by privilege. To the extent Defendants contend such materials are relevant, Plaintiff requests that any production be subject to an appropriate protective order.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).


I AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE FOREGOING RESPONSES ARE TRUE TO THE BEST OF MY KNOWLEDGE.

_____

Signature

_____Asanti Rodgers_____

Printed Name

_____02/27/2026_____

Date