UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

ASANTI RODGERS,

Plaintiff,

v.

TRANS UNION LLC,
EQUIFAX INFORMATION SERVICES LLC,
and EQUIFAX INC.,

Defendants.

**-FILED-**

JUN 1 2 2026

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Case No. 2:25-cv-00242-PPS-AZ

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO EXTEND THE DISCOVERY DEADLINE

COMES NOW Plaintiff, Asanti Rodgers, proceeding pro se, and respectfully opposes Defendants Equifax, INC, Equifax Information Services LLC ("EIS") and Trans Union LLC's Joint Motion to Extend the Discovery Deadline. In support thereof, Plaintiff states as follows:

1. Defendants seek a ninety (90) day extension of the current discovery deadline from July 22, 2026, to October 20, 2026.

2. Defendants have failed to establish good cause under Federal Rule of Civil Procedure 16(b)(4) for such a substantial modification of the Court's Scheduling Order.

3. Discovery remains open until July 22, 2026. Significant time remains for the parties to complete discovery, resolve disputes, seek court intervention where necessary, and conduct any remaining depositions.

4. Defendants contend that they have diligently pursued discovery. However, multiple significant discovery disputes remain unresolved.

5. On May 22, 2026, Plaintiff served Trans Union LLC with a Local Rule 37-1 Meet and Confer letter identifying substantial deficiencies in Trans Union's discovery responses and document production. As of the filing of this

Response, Plaintiff has not received supplemental responses resolving the deficiencies identified therein.

6. Plaintiff also served EIS with a Local Rule 37-1 Meet and Confer letter identifying substantial deficiencies in EIS's Requests for Admission, Interrogatory Responses, Requests for Production, and Initial Disclosures. EIS remains within the response period requested by Plaintiff.

7. Plaintiff intends to promptly pursue appropriate relief, including motions to compel if necessary, should Defendants fail to adequately supplement their responses. Sufficient time remains before July 22, 2026, for those issues to be presented to and resolved by the Court.

8. Defendants' request for additional discovery is difficult to reconcile with their current discovery posture. While Defendants seek additional time to obtain further discovery from Plaintiff, including Plaintiff's deposition and information relating to damages, Defendants have not fully responded to Plaintiff's own discovery requests.

9. Through formal meet-and-confer correspondence, Plaintiff has identified substantial deficiencies in Defendants' discovery responses, including refusals to search for responsive records, reliance upon boilerplate objections, incomplete productions, and the withholding of information directly relevant to Plaintiff's claims and Defendants' defenses.

10. Plaintiff does not oppose participating in appropriate discovery, including a properly noticed deposition. However, Defendants should not be permitted to rely upon their desire for additional discovery from Plaintiff as grounds for a ninety-day extension while significant discovery sought by Plaintiff remains outstanding and unresolved.

11. Plaintiff further notes that Defendant Equifax Information Services previously received additional time to respond to discovery based upon the medical leave of counsel associated with Equifax Inc Who is not even a counsel of record. Despite receiving that accommodation, substantial discovery disputes remain unresolved.

12. Defendants' reliance upon Plaintiff's anticipated amended complaint does not establish good cause for a ninety-day extension. Plaintiff filed her Motion for Leave to Amend and proposed amended complaint in January 2026. Defendants have therefore been aware of the substance of Plaintiff's proposed amended claims for several months and throughout the discovery period. To the extent Defendants believed additional discovery was necessary concerning those claims, they had ample opportunity to pursue such discovery while Plaintiff's Motion for Leave to Amend remained pending before the Court.

13. Moreover, Plaintiff's amended pleading narrows the scope of this litigation by eliminating the proposed class allegations. As a result, the amended complaint reduces, rather than expands, the scope of issues requiring discovery. Defendants cannot credibly claim surprise or a need for an additional ninety days of discovery based upon allegations that have been known to them since January 2026.

WHEREFORE, Plaintiff respectfully requests that this Court DENY Defendants' Joint Motion to Extend the Discovery Deadline.

Alternatively, should the Court determine that some extension is warranted, Plaintiff respectfully requests that any extension be conditioned upon Defendants providing complete supplemental discovery responses and productions within fourteen (14) days so that discovery may proceed on a fair and reciprocal basis.


Date: 06/12/2026                                    Respectfully submitted,

                                                    ASANTI RODGERS
                                                    Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, I served a true and correct copy of Plaintiff's Response in Opposition to Defendants' Joint Motion to Extend the Discovery Deadline via electronic mail upon all counsel of record as follows:

Counsel for Defendant Trans Union LLC

Scott E. Brady & Nermy Winner
Quilling Selander Lownds Winslett & Moser, P.C.
sbrady@qslwm.com & nermy.winner@qslwm.com

Counsel for Defendants Equifax Information Services LLC and Equifax Inc.

Neil R. Peluchette
Taft Stettinius & Hollister LLP
npeluchette@taftlaw.com
Counsel for Defendants Equifax Information Services LLC and Equifax Inc.

Respectfully submitted,

*Asanti*

ASANTI RODGERS
Plaintiff, Pro Se