## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA (HAMMOND)

ASANTI RODGERS,
     Plaintiff,

vs.

TRANS UNION, LLC; EQUIFAX, INC.;
and EQUIFAX INFORMATION
SERVICES, LLC;
    Defendants.

CASE NO.  2:25-cv-00242-PPS-AZ

Judge Philip P. Simon
Magistrate Abizer Zanzi

**-FILED-**

JUN 1 2 2026

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

---

### TRANS UNION LLC'S RESPONSES TO
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Defendant, Trans Union LLC ("Trans Union"), by counsel, responds to Plaintiff's First Request For Production of Documents (the "Requests") as follows:

### OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1**:  Produce all documents identified in your answers to Plaintiff's First Set of Interrogatories.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

**REQUEST FOR PRODUCTION NO. 2**:  Produce all documents in your possession regarding the Plaintiff, including but not limited to the "Full File Reveal," all suppressed data, internal notes, and all archived consumer reports from January 1, 2017 to present.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers

Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that the term "Full File Reveal" is unclear and undefined by the Requests. Trans Union further objects that such a Request is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 3**: Produce all correspondence, including letters, emails, and internal notes, between Defendant and Plaintiff regarding any dispute submitted between 2020 and 2025, including disputes dated January 31, 2025, February 14, 2025, and February 19, 2025.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 4**: Produce all correspondence and documents exchanged between Defendant and any co-defendant regarding the Plaintiff or the subject of this lawsuit.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the joint-defense privilege or any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 5**: Produce all documents or exhibits Defendant intends to use at trial.

**RESPONSE**: Trans Union states that it has not yet determined which exhibits it may use at trial, but states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

**REQUEST FOR PRODUCTION NO. 6**: Produce all documents describing Defendant's procedures for compliance with 15 U.S.C. §1681e(b) and §1681i, including procedures for

reporting credit information, conducting investigations and reinvestigations, handling pro se disputes, and determining when a dispute is deemed "unable to be processed.

**RESPONSE**: Trans Union states that responsive materials are being withheld on the basis of its objections.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because the majority of Trans Union's myriad of procedures are in one way or another directed to ensuring the accuracy of information reported and, more specifically, this Request seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union objects to this Request as it would require the disclosure of confidential, proprietary, and trade secret information of Trans Union as it seeks documents related to Trans Union's trade secret computer systems, policies and procedures.

**REQUEST FOR PRODUCTION NO. 7**: Produce all documents containing Plaintiff's personal identifying information, including but not limited to name, Social Security number, address, and any associated identifiers, and all records reflecting how such information was obtained, stored, and shared.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 8**: Produce all documents describing Defendant's internal systems, software, data processing programs, scoring systems, matching algorithms, and codes used to compile, store, process, and report consumer data.

**RESPONSE**: Trans Union states that responsive materials are being withheld on the basis of its objections.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union further objects to this Request to the extent it seeks confidential, proprietary and/or trade-secret information because it seeks information regarding Trans Union's trade-secret procedures, computer systems and business practices.

**REQUEST FOR PRODUCTION NO. 9**: Produce all documents showing how Defendant handled Plaintiff's identity theft claims regarding the above accounts, including: Identity theft report processing, Internal notes, and Decisions to block or not block.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers

Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 10**: Produce all manuals, training materials, and communications to and from Transunion and any furnisher, including but not limited to Discover Bank, Credit Acceptance Corp, MOHELA, Exeter Finance LLC, NCB Management Services, Caine & Weiner, Credit Collection Services, and Sequium Asset Solutions Inc, regarding credit reporting procedures, dispute investigations, or compliance with the Fair Credit Reporting Act.

**RESPONSE**: Trans Union states that responsive materials are being withheld on the basis of its objections.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union further objects to this Request to the extent it seeks confidential, proprietary and/or trade-secret information because it seeks information regarding Trans Union's trade-secret procedures, computer systems and business practices.

**REQUEST FOR PRODUCTION NO. 11**: Produce all documents related to the collection, verification, accuracy, modification, deletion, and investigation of public record or bankruptcy data, including reconciliation of such data with tradeline information.

**RESPONSE**: Trans Union states that responsive materials are being withheld on the basis of its objections.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union further objects to this Request to the extent it seeks confidential, proprietary and/or trade-secret information because it seeks information regarding Trans Union's trade-secret procedures, computer systems and business practices.

**REQUEST FOR PRODUCTION NO. 12**: Produce all documents identifying the name, employee ID, badge number, and office location of all individuals and contractors involved in the investigation and reinvestigation of Plaintiff's disputes in 2025.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose"

within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union also objects to this Request to the extent it seeks confidential information belonging to third parties.

**REQUEST FOR PRODUCTION NO. 13**: Produce all documents describing Defendant's data retention, storage, and archiving policies relating to Plaintiff's information.

**RESPONSE**: Trans Union states that responsive materials are being withheld on the basis of its objections.

Trans Union objects to this Request on the grounds that the terms "data retention, storage, and archiving policies" are unclear, undefined by the Requests and are impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union objects to this Request as it would require the disclosure of confidential, proprietary, and trade secret information of Trans Union as it seeks documents related to Trans Union's trade secret computer systems, policies and procedures.

**REQUEST FOR PRODUCTION NO. 14**: Produce all Consumer Dispute Verification (CDV) and Automated Consumer Dispute Verification (ACDV) communications, including but not limited to all attachments, images, and supporting documentation relating to Plaintiff.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 15**: Produce all affidavits, reports, transcripts, and statements of any expert and fact witness expected to testify in this matter.

**RESPONSE**: Trans Union states that it has no responsive documents pertaining to this Request as it has not yet identified which, if any, expert witnesses and which fact witnesses will testify at trial.

**REQUEST FOR PRODUCTION NO. 16**: Produce all documents used in the training, supervision, or evaluation of employees responsible for handling consumer disputes, including any policies, guidelines, quotas, performance metrics, and performance-based compensation systems governing the processing, speed, and volume of dispute investigations.

**RESPONSE**: Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to determine whether any responsive materials are being withheld because the Request lacks the required specificity to allow Trans Union to identify, much less obtain, the material sought.

Trans Union objects to this Request as it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union objects to this Request as it would

require the disclosure of confidential, proprietary, and trade secret information of Trans Union as it seeks documents related to Trans Union's trade secret computer systems, policies and procedures. Trans Union also objects to this Request to the extent it seeks confidential information belonging to third parties.

**REQUEST FOR PRODUCTION NO. 17**: Produce Defendant's annual reports and a certified statement of net worth for the years 2023, 2024, and 2025.

**RESPONSE**: Documents responsive to this Request can be located at: https://investors.transunion.com/financials.

Trans Union objects that this Request is unclear because the term "net worth" is an accounting term whose value can change based on the financial methods used for its calculation. Trans Union further objects that this Request is impermissibly excessive because it seeks information unrelated to and beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. Notably, there has not and likely will not be a finding that Trans Union is liable for punitive damages in this matter, but even if there is, Trans Union's net worth for prior years would not be applicable. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union further objects to this Request on the grounds that it seeks publicly available information to which Plaintiff has equal access and the burden and/or expense of ascertaining the information is substantially the same.

**REQUEST FOR PRODUCTION NO. 18**: Produce all documents describing Defendant's relationships with public record vendors, data- sharing entities, and third parties,

including but not limited to any agreements involving the use or monetization of Plaintiff's personal identifying information.

**RESPONSE**: Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to determine whether any responsive materials are being withheld because the Request lacks the required specificity to allow Trans Union to identify, much less obtain, the material sought.

Trans Union objects to this Request on the grounds that it is unclear what is being sought. Nevertheless, the Request is impermissibly excessive because it appears to seek documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 19**: Produce all documents and communications regarding the use and acquisition of Plaintiff's email address, including communications sent on or about March 3, 2025.

**RESPONSE**: Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to determine whether any responsive materials are being withheld because the Request lacks the required specificity to allow Trans Union to identify, much less obtain, the material sought.

Trans Union objects to this Request on the grounds that it is unclear what is being sought. Nevertheless, the Request is impermissibly excessive because it appears to seek documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year

statute of limitations.  As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 20**:  Produce all documents containing any listing, concordance, and definition of codes, response codes, shorthand, and abbreviations appearing in any produced documents, including but not limited to Metro 1, Metro 2, and e-OSCAR systems.

**RESPONSE**:  Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to the Request on the grounds that the terms "listing, concordance, and definition of codes, response codes, shorthand, and abbreviations appearing in any produced documents" are unclear, undefined by the Requests and impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations.  As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).  Trans Union also objects to this Request on the grounds that it imposes undue burden and expense on Trans Union to the extent that it would require Trans Union to create documents which are not already in existence, relating to tradelines not at issue in this case. Trans Union objects to this Request as it would require the disclosure of confidential, proprietary, and trade secret information of Trans Union as it seeks documents related to Trans Union's trade secret computer systems, policies and procedures.

**REQUEST FOR PRODUCTION NO. 21**:  Produce all documents identifying the specific three-digit e-OSCAR dispute codes used to process Plaintiff's disputes in 2025.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union further objects to this Request on the grounds that it requires the disclosure of confidential, proprietary, and trade secret information of Trans Union as it seeks documents related to Trans Union's trade secret computer systems, policies and procedures.

**REQUEST FOR PRODUCTION NO. 22**: Produce all audit trails, terminal audits, and system logs reflecting all access, modifications, updates, and verifications of Plaintiff's credit file from January 1, 2020 to present.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose"

within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents relating to the reinsertion of any information regarding the following accounts: both MOHELA/Department of Education accounts, Exeter Finance LLC, NCB Management Services, Caine & Weiner, both Credit Collection Services accounts, Sequium Asset Solutions Inc., Credit Acceptance Corp. (account ending in 2990), and Discover Bank, including:

- The exact Date of Deletion: Documents identifying the date the information was originally removed from the Plaintiff's consumer file following an investigation and reinvestigation;

- The exact Date of Reinsertion: Documents and metadata identifying the date the information was added back into the Plaintiff's active consumer file;

- Certification of Accuracy: The specific certification of accuracy provided by the furnisher to TransUnion pursuant to 15 U.S.C. § 1681i(a)(5)(B)(ii);

- Authorization Records: All documents and electronic records identifying the specific employee, badge number, or automated system that authorized the reinsertion of each account;

- Notice of Reinsertion: A copy of the "Notice of Reinsertion" sent to the Plaintiff within the five-business-day statutory period required by 15 U.S.C. § 1681i(a)(5)(B)(ii), including any associated proof of mailing or electronic transmission logs; and

- Internal Communications: All internal memoranda, emails, or audit logs discussing or documenting the decision to re-report or reinsert these accounts after they had been previously deleted or suppressed.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 24**: Produce all documents related to any fraud alert placed on Plaintiff's file in 2025, including the source of the request and identity of the requesting party.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose"

within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 25**: Produce all procedures for handling identity theft claims under 15 U.S.C. §1681c-2 and documentation showing how such procedures were applied to Plaintiff.

**RESPONSE**: Trans Union states that responsive materials are being withheld on the basis of its objections.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union also objects to this Request on the grounds that it seek confidential, propriety and/or trade secret documents because it seeks documents including trade secret Trans Union computer systems.

**REQUEST FOR PRODUCTION NO. 26**: Produce all subscriber agreements or contracts between Defendant and furnishers, including NCB Management, Credit Acceptance Corp, MOHELA, the US Department of Education, Exeter Finance, Caine & Weiner, Credit Collection Services, Sequium Asset Solutions Inc and Discover Bank.

**RESPONSE**: Trans Union states that responsive materials are being withheld on the basis of its objections.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose"

within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union also objects to this Request on the grounds that it seek confidential, propriety and/or trade secret documents because it seeks documents including confidential business relationships.

**REQUEST FOR PRODUCTION NO. 27**:    Produce all documents identifying Defendant's organizational structure and employee roles and responsibilities.

**RESPONSE**: Trans Union states that at least some responsive materials are being withheld on the basis of its objections, but it cannot identify the scope based on the vague nature of the Request.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union also objects to this Request on the grounds that it seek confidential, propriety and/or trade secret documents because it seeks documents including trade secret Trans Union computer systems and business structure, along with confidential information belonging to third parties.

**REQUEST FOR PRODUCTION NO. 28**: Produce all documents describing incentive, quota, and compensation structures for furnishers and employees related to reporting and dispute processing.

**RESPONSE**: Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to determine whether any

responsive materials are being withheld because the Request lacks the required specificity to allow Trans Union to identify, much less obtain, the material sought.

Trans Union objects to this Request on the grounds that the terms "incentive, quota, and compensation structures for furnishers and employees" are unclear because Trans Union does not implement dispute "quotas" for dispute operators and it is unclear what a "compensation structure" would be for a furnisher of information. Trans Union further objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union also objects to this Request on the grounds that it seek confidential, propriety and/or trade secret documents because it seeks documents including trade secret Trans Union computer systems. Trans Union also objects to this Request to the extent it seeks confidential information belonging to third parties.

**REQUEST FOR PRODUCTION NO. 29**: Produce all UDF and AUDF communications relating to Plaintiff.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose"

within the FCRA's applicable two-year statute of limitations.  As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 30**:  Produce all complaints, lawsuits, and settlement agreements involving alleged violations of 15 U.S.C. §1681e or §1681i involving similar accounts and furnishers which the plaintiff disputed.

**RESPONSE**:  Trans Union states that responsive materials are being withheld on the basis of its objections.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations.  As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).  Trans Union further objects to this Request on the grounds that the burden and expense of locating, compiling and producing responsive documents would outweigh the discovery's likely benefit and, therefore, this Request seeks documents not proportional to the needs of this case and beyond the scope of Rule 26(b). Trans Union also objects to this Request to the extent it seeks confidential information belonging to third parties. Trans Union objects to this Request as it would require the disclosure of confidential, proprietary, and trade secret information of Trans Union as it seeks documents related to Trans Union's trade secret computer systems, policies and procedures.

**REQUEST FOR PRODUCTION NO. 31**:  Produce all internal communications, emails, and memoranda discussing investigation, reinvestigation procedures and modifications to such procedures.

**RESPONSE**: Trans Union states that at least some responsive materials are being withheld on the basis of its objections, but it cannot identify the scope based on the vague nature of the Request.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union further objects to this Request on the grounds that the burden and expense of locating, compiling and producing responsive documents would outweigh the discovery's likely benefit and, therefore, this Request seeks documents not proportional to the needs of this case and beyond the scope of Rule 26(b). Trans Union also objects to this Request as it would require the disclosure of confidential, proprietary, and trade secret information of Trans Union as it seeks documents related to Trans Union's trade secret computer systems, policies and procedures.

**REQUEST FOR PRODUCTION NO. 32**: Produce all contracts, invoices, agreements, and communications with public record vendors.

**RESPONSE**: Trans Union states that responsive materials are being withheld on the basis of its objections.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union objects to

this Request as it would require the disclosure of confidential, proprietary, and trade secret information of Trans Union as it seeks documents related to Trans Union's trade secret computer systems, policies and procedures.

**REQUEST FOR PRODUCTION NO. 33**: Produce all documents reflecting budgets, projections, and resource allocations related to investigations and reinvestigations under 15 U.S.C. §1681i.

**RESPONSE**: Trans Union states that at least some responsive materials are being withheld on the basis of its objections, but it cannot identify the scope based on the vague nature of the Request.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union further objects to this Request on the grounds that the burden and expense of locating, compiling and producing responsive documents would outweigh the discovery's likely benefit and, therefore, this Request seeks documents not proportional to the needs of this case and beyond the scope of Rule 26(b). Trans Union objects to this Request as it would require the disclosure of confidential, proprietary, and trade secret information of Trans Union as it seeks documents related to Trans Union's trade secret computer systems, policies and procedures.

**REQUEST FOR PRODUCTION NO. 34**: Produce all manuals and notices provided to furnishers regarding their duties under the FCRA.

**RESPONSE**: Trans Union states that responsive materials are being withheld on the basis of its objections.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union objects to this Request as it would require the disclosure of confidential, proprietary, and trade secret information of Trans Union as it seeks documents related to Trans Union's confidential business relationships.

**REQUEST FOR PRODUCTION NO. 35**: Produce all archived consumer reports, file disclosures, and any associated data scans relating to Plaintiff.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 36:** Produce all training manuals related to disputes, investigations, reinvestigations, deletions, suppression functions, and public record handling.

**RESPONSE:** Trans Union states that responsive materials are being withheld on the basis of its objections.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because the majority of Trans Union's myriad of procedures are in one way or another directed to ensuring the accuracy of information reported and, more specifically, this Request seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union objects to this Request as it would require the disclosure of confidential, proprietary, and trade secret information of Trans Union as it seeks documents related to Trans Union's trade secret computer systems, policies and procedures.

**REQUEST FOR PRODUCTION NO. 37:** Produce all documents describing how Defendant generates revenue from consumer credit data, including Plaintiff's personal identifying information.

**RESPONSE:** Trans Union states that it does not have documented procedures specific to the use of Plaintiff's personal identifying information, but at least some responsive materials are being withheld on the basis of its objections. However, it cannot identify the scope of such materials based on the vague nature of the Request.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union objects to this Request as it would require the disclosure of confidential, proprietary, and trade secret information of Trans Union as it seeks documents related to Trans Union's trade secret computer systems, policies and procedures.

**REQUEST FOR PRODUCTION NO. 38**: Produce all documents identifying employees, operators, and agents who communicated with Plaintiff and accessed Plaintiff's account, including identification numbers and locations.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 39**: Produce all documents, records, and data used to establish, verify, report, update, maintain, investigation and reinvestigate the following accounts:

- MOHELA / Department of Education – Account No. 1120616289KM0

- Exeter Finance LLC – Account No. 68068171812

- NCB Management Services – Account No. 71812

- Caine & Weiner – Account No. 1746

- Credit Collection Services – Account Nos. 27256 & 2384

- Sequium Asset Solutions Inc – Account No. 5992

- Caine & Weiner – Account No. 1746Credit Collection Services – Account Nos. 27256 & 2384 Sequium Asset Solutions Inc – Account No. 5992Credit Acceptance Corp – Account No. 10521

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 40**: Produce all documents reflecting executive compensation, bonuses, and incentive structures tied to credit reporting operations, data monetization, and dispute processing.

**RESPONSE**: Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to determine whether any

responsive materials are being withheld because the Request lacks the required specificity to allow Trans Union to identify, much less obtain, the material sought.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union also objects to this Request to the extent it seeks confidential information belonging to third parties. Trans Union objects to this Request as it would require the disclosure of confidential, proprietary, and trade secret information of Trans Union as it seeks documents related to Trans Union's trade secret computer systems, policies and procedures.

**REQUEST FOR PRODUCTION NO. 41**: Produce all documents establishing permissible purpose under 15 U.S.C. §1681b for Reporting each of these accounts: Exeter Finance LLC – Account No. 68068171812, NCB Management Services – Account No. 71812, Caine & Weiner – Account No. 1746, Credit Collection Services – Account Nos. 27256 & 2384, Sequium Asset Solutions Inc – Account No. 5992 accounts, Accessing Plaintiff's credit file and Sharing Plaintiff's personal identifying information.

**RESPONSE**: Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to determine whether any responsive materials are being withheld because the Request lacks the required specificity to allow Trans Union to identify, much less obtain, the material sought.

Trans Union objects to this Request on the grounds that it is unclear as it appears to misunderstand the permissible purpose requirements under the FCRA. Notably, Section 1681b

sets forth the requirements for a consumer reporting agency when preparing consumer reports for third parties, not for the receipt of information from information furnishers.

**REQUEST FOR PRODUCTION NO. 42**:    Produce all communications between Defendant and each furnisher, including NCB Management, Credit Acceptance Corp, MOHELA, the U.S. Department of Education, Exeter Finance, Caine & Weiner, Credit Collection Services, Sequium Asset Solutions Inc, and Discover Bank, including: ACDV/CDV responses, Attachments and Supporting documentation.

**RESPONSE**: Trans Union states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Trans Union's Consumer Relations documents, Bates stamped TU 000001 to TU 000417.

Trans Union objects to this Request on the grounds that it is impermissibly excessive because it seeks documents beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations.    As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b).

**REQUEST FOR PRODUCTION NO. 43**:    Produce all documents sufficient to show Defendant's overall financial condition for the years 2023, 2024, and 2025, including but not limited to net worth, total assets, total liabilities, and annual profits.

**RESPONSE**: Documents    responsive    to    this    Request    can    be    located    at: https://investors.transunion.com/financials.

Trans Union objects that this Request is unclear because the term "net worth" is an accounting term whose value can change based on the financial methods used for its calculation.

Trans Union further objects that this Request is impermissibly excessive because it seeks information unrelated to and beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. Notably, there has not and likely will not be a finding that Trans Union is liable for punitive damages in this matter, but even if there is, Trans Union's net worth for prior years would not be applicable. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union further objects to this Request on the grounds that it seeks publicly available information to which Plaintiff has equal access and the burden and/or expense of ascertaining the information is substantially the same.

**REQUEST FOR PRODUCTION NO. 44**: Produce all insurance policies, including errors and omissions (E&O) or liability policies, that may provide coverage for claims asserted in this action.

**RESPONSE**: Based on Plaintiff's claims it appears that any settlement or judgment against Trans Union would be subject to Trans Union's self-insured retention category.

**REQUEST FOR PRODUCTION NO. 45**: Produce any and all communications, data transmissions, or notices received by Defendant from the U.S. Department of Education or any authorized student loan servicer including, but not limited to, MOHELA during the year 2024, identifying the discharge, cancellation, or forgiven status of Plaintiff's student loan accounts.

**RESPONSE**: Trans Union states that it does not have any document responsive to this Request because the Department of Education did not advise Trans Union that any of Plaintiff's student loans were discharged or forgiven.

**REQUEST FOR PRODUCTION NO. 46**: Produce all documents sufficient to show the amount, source, and category of Defendant's revenue for the following time periods: 2023, 2024, 2025, and January 1, 2026, through March 1, 2026 including but not limited to revenue derived from: consumer reporting services, the sale, licensing, or monetization of consumer data, data-sharing agreements or arrangements, any products or services derived from consumer credit data including any revenue directly or indirectly derived from the use, access, or dissemination of Plaintiff's consumer report or personal identifying information.

**RESPONSE**: Documents responsive to this Request can be located at: https://investors.transunion.com/financials.

Trans Union objects that this Request is impermissibly excessive because it seeks information unrelated to and beyond the scope of Plaintiff's claims, which are limited to Trans Union's reporting and reinvestigation of account information "without a permissible purpose" within the FCRA's applicable two-year statute of limitations. Notably, there has not and likely will not be a finding that Trans Union is liable for punitive damages in this matter, but even if there is, Trans Union's net worth for prior years would not be applicable. As such, this Request seeks information not relevant to this matter and beyond the scope Rule 26(b). Trans Union further objects to this Request on the grounds that it seeks publicly available information to which Plaintiff has equal access and the burden and/or expense of ascertaining the information is substantially the same.

Respectfully submitted,

_____

Scott E. Brady, Esq. (30534-49)
Nermy J. Winner, Esq. (38591-49)
Quilling, Selander, Lownds, Winslett &
 Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  317-497-5600, Ext. 602 & 605
Fax:  317-899-9348
E-Mail:  sbrady@qslwm.com
E-Mail:  nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, and/or email, on the **24th day of April, 2026**, properly addressed as follows:

| **Pro Se Plaintiff** | **for Defendant Equifax, Inc and Equifax Information Services, LLC** |
|---|---|
| Asanti Rodgers<br>1128 Burr Street<br>Gary, IN 46406<br>24princesslove@gmail.com | Neil R. Peluchette, Esq.<br>Taft Stettinius & Hollister, LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, IN 46204<br>npeluchette@taftlaw.com |

Scott E. Brady, Esq. (30534-49)
Nermy J. Winner, Esq. (38591-49)
Quilling, Selander, Lownds, Winslett &
 Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: 317-497-5600, Ext. 602 & 605
Fax: 317-899-9348
E-Mail: sbrady@qslwm.com
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*