## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA (HAMMOND)

ASANTI RODGERS,
    Plaintiff,

    vs.

TRANS UNION, LLC; EQUIFAX, INC.;
and EQUIFAX INFORMATION
SERVICES, LLC;
    Defendants.

CASE NO. 2:25-cv-00242-PPS-AZ

Judge Philip P. Simon
Magistrate Abizer Zanzi



**-FILED-**

JUN 1 2 2026

At _____ M
Chanda J. Berla, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

### TRANS UNION LLC'S RESPONSES TO PLAINTIFF'S
### REQUESTS FOR ADMISSIONS

Defendant, Trans Union LLC ("Trans Union"), by counsel, responds to Plaintiff's Requests

For Admissions to Trans Union as follows:

**REQUEST FOR ADMISSION NO. 1**: Admit that on or about March 3, 2025, Defendant

represented to Plaintiff that the Credit Acceptance account ending 2990 was deleted.

**RESPONSE**: Admitted.

**REQUEST FOR ADMISSION NO. 2**: Admit that Defendant did not provide Plaintiff

with notice of reinsertion of the Credit Acceptance account ending in 2990 within five (5) business

days of the account being reinserted.

**RESPONSE**: Trans Union states that it has made reasonable inquiry and the information

it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 3**: Admit that Defendant communicated with

Plaintiff regarding the investigation status in March 2025 via the email address

24princesslove@gmail.com.

**RESPONSE**: Trans Union objects to this Request on the grounds that the term "investigation status" is unclear because the Request does not refer to any particular dispute or reinvestigation. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request. However, Trans Union notes that the email address 23princesslove@gmail.com is listed on the Court's docket, presumably because this is the address provided by Plaintiff within her Complaint.

**REQUEST FOR ADMISSION NO. 4**:  Admit that Plaintiff did not provide Defendant with the email address 24princesslove@gmail.com during the 2025 dispute process or prior to the filing of this lawsuit.

**RESPONSE**: Trans Union objects to this Request on the grounds that the term "dispute process" is unclear because the Request does not refer to any particular dispute or reinvestigation. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request.  However, Trans Union notes that the email address 23princesslove@gmail.com is listed on the Court's docket, presumably because this is the address provided by Plaintiff within her Complaint.

**REQUEST FOR ADMISSION NO. 5**:  Admit that Defendant represented to Plaintiff, in a communication dated on or about March 15, 2025, that the Discover Bank account was "verified as accurate and updated."

**RESPONSE**: Trans Union admits that on March 15, 2025, it sent Plaintiff investigation results in which a Discover Bank account ending in 6341 was "verified as accurate" and that other

information was updated related to the "date updated; maximum delinquency; rating; [and] historical trend data."

**REQUEST FOR ADMISSION NO. 6**: Admit that the Discover Bank account required a modification or update to the information being reported during Defendant's investigation.

**RESPONSE**: Trans Union objects to this Request on the grounds that the terms "required a modification or update" and "information being reported" are unclear because the Request does not clarify what it means to "require a modification" and it does not identify any particular account information. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request because of, among other things, the ambiguity of its terms.

**REQUEST FOR ADMISSION NO. 7**: Admit that the information reported for the Discover Bank account was inaccurate prior to the modification or update made during Defendant's investigation.

**RESPONSE**: Trans Union objects to this Request on the grounds that the terms "modification or update" and "information reported" are unclear because the Request does not clarify what it means to "require a modification" and it does not identify any particular account information. Subject to and without waiving its objections, denied.

**REQUEST FOR ADMISSION NO. 8**: Admit that Defendant did not delete the Discover Bank account at any time between March 15, 2025, and July 10, 2025.

**RESPONSE**: Trans Union objects to this Request on the grounds that it encompasses an overly broad time frame. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is

insufficient to enable it to admit or deny this Request because of, among other things, the Request does not identify any particular consumer disclosure or report.

**REQUEST FOR ADMISSION NO. 9**:   Admit that Defendant issued a "Notice of Reinsertion" regarding the Discover Bank account on or about July 10, 2025.

**RESPONSE**: Admitted.

**REQUEST FOR ADMISSION NO. 10**:  Admit that Defendant did not provide Plaintiff with notice of reinsertion of the Discover Bank account within five (5) business days of the account being reinserted.

**RESPONSE**: Denied.

**REQUEST FOR ADMISSION NO. 11**:  Admit that Defendant received electronic or written notification from the U.S. Department of Education in 2024 regarding the discharge of Plaintiff's student loan accounts (MOHELA).

**RESPONSE**: Trans Union objects to this Request on the grounds that it encompasses an overly broad time frame.  Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request.  However, it has not located any communication received from the U.S. Department of Education regarding the discharge of any of Plaintiff's student loan accounts.

**REQUEST FOR ADMISSION NO. 12**:  Admit that the MOHELA accounts were not removed or updated to a "discharged" status within 45 days of Defendant receiving notice of the U.S. Department of Education discharge in 2024.

**RESPONSE**: Trans Union objects to this Request on the grounds that it encompasses an overly broad time frame.  Subject to and without waiving its objections, Trans Union states that it

has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request. However, it has not located any communication received from the U.S. Department of Education regarding the discharge of any of Plaintiff's student loan accounts.

**REQUEST FOR ADMISSION NO. 13**: Admit that Defendant represented that certain derogatory accounts were deleted in a communication dated on or about March 3, 2025.

**RESPONSE**: Trans Union objects to this Request on the grounds that the terms "derogatory accounts" are unclear because the Request does not identify any particular account. Trans Union further objects to this Request on the grounds that it fails to state each matter separately, as required by Rule 36. Subject to and without waiving its objections, admitted.

**REQUEST FOR ADMISSION NO. 14**: Admit that one or more accounts represented as "deleted" in Defendant's March 3, 2025, communication remained present in Plaintiff's consumer file after that date.

**RESPONSE**: Trans Union objects to this Request on the grounds that the terms "one or more accounts" are unclear because the Request does not identify any particular account. Trans Union further objects to this Request on the grounds that it fails to state each matter separately, as required by Rule 36. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request because it does not identify any particular account, consumer disclosure or consumer report.

**REQUEST FOR ADMISSION NO. 15**: Admit that Plaintiff's credit score did not increase following Defendant's representation that derogatory accounts had been deleted.

**RESPONSE**: Trans Union objects to this Request on the grounds that the terms "derogatory accounts" are unclear because the Request does not identify any particular account. Trans Union further objects to this Request on the grounds that it fails to state each matter separately, as required by Rule 36. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request because it does not identify any particular account or credit score, and since Trans Union does not maintain copies of the consumer reports provided to third parties.

**REQUEST FOR ADMISSION NO. 16**: Admit that Defendant uses consumer data for commercial purposes beyond the preparation and furnishing of consumer reports.

**RESPONSE**: Trans Union objects to this Request on the grounds that it does not explain what is meant by "uses consumer data for commercial purposes" specifically in the context used and does not specify a particular timeframe. Trans Union further objects to this Request on the grounds that it does not identify any particular consumer report on any particular date to any particular third party. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request because of, among other things, the ambiguity of its terms.

**REQUEST FOR ADMISSION NO. 17**: Admit that Defendant shares, licenses, or sells consumer data to third-party entities.

**RESPONSE**: Trans Union objects to this Request on the grounds that it does not explain what is meant by "shares, licenses, or sells consumer data to third-party entities" specifically in the context used and does not specify a particular timeframe. Trans Union further objects to this

Request on the grounds that it does not identify any particular consumer report on any particular date to any particular third party. Trans Union also objects to this Request on the grounds that it fails to state each matter separately as required by Rule 36. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request because of, among other things, the ambiguity of its terms.

**REQUEST FOR ADMISSION NO. 18**: Admit that Defendant derives revenue from the use, sale, licensing, or sharing of consumer data with third parties.

**RESPONSE**: Trans Union objects to this Request on the grounds that it does not explain what is meant by "derives revenue from the use, sale, licensing, or sharing of consumer data with third parties" specifically in the context used and does not specify a particular timeframe. Trans Union further objects to this Request on the grounds that it does not identify any particular consumer report on any particular date to any particular third party. Trans Union also objects to this Request on the grounds that it fails to state each matter separately as required by Rule 36. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request because of, among other things, the ambiguity of its terms.

**REQUEST FOR ADMISSION NO. 19**: Admit that the amount of revenue Defendant generates is influenced, in part, by the volume of consumer data it maintains and furnishes.

**RESPONSE**: Trans Union objects to this Request on the grounds that it does not explain what is meant by "amount of revenue" "generates" "influenced" and "volume of consumer data" specifically in the context used and does not specify a particular timeframe. Trans Union further objects to this Request on the grounds that it does not identify any particular consumer report on

any particular date to any particular third party. Trans Union also objects to this Request on the grounds that it fails to state each matter separately as required by Rule 36. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request because of, among other things, the ambiguity of its terms.

**REQUEST FOR ADMISSION NO. 20**: Admit that Defendant does not receive revenue for deleting consumer account information from a consumer's credit file.

**RESPONSE**: Trans Union objects to this Request on the grounds that it does not explain what is meant by "does not receive revenue" specifically in the context used and does not specify a particular timeframe. Trans Union further objects to this Request on the grounds that it does not identify any particular consumer report on any particular date to any particular third party. Trans Union also objects to this Request on the grounds that it fails to state each matter separately as required by Rule 36. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request because of, among other things, the ambiguity of its terms.

**REQUEST FOR ADMISSION NO. 21**: Admit that Defendant did not delete all accounts identified in Plaintiff's 2025 disputes.

**RESPONSE**: Trans Union objects to this Request on the grounds that the terms "Plaintiff's 2025 disputes" are unclear because the Request does not identify any particular dispute or account at issue. Trans Union further objects to this Request on the grounds that it fails to state each matter separately as required by Rule 36. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain

at this time is insufficient to enable it to admit or deny this Request because of, among other things, the ambiguity of its terms.

**REQUEST FOR ADMISSION NO. 22**: Admit that Defendant did not remove all personal identifying information identified as inaccurate in Plaintiff's 2025 disputes.

**RESPONSE**: Trans Union objects to this Request on the grounds that the terms "identified as inaccurate" and "Plaintiff's 2025 disputes" are unclear because the Request does not identify any particular identifying information or specific dispute. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request because of, among other things, the ambiguity of its terms.

**REQUEST FOR ADMISSION NO. 23**: Admit that Plaintiff sent a written pre-suit demand to Defendant on or about March 14, 2025.

**RESPONSE**: Trans Union admits that on March 14, 2025, it received a correspondence purporting to be from Plaintiff titled "Final Notice – Trans Union's Continued Willful Noncompliance & Legal Demand for Immediate Action."

**REQUEST FOR ADMISSION NO. 24**: Admit that Plaintiff's March 14, 2025 pre-suit demand notified Defendant of damages Plaintiff had incurred and sought compensation for those damages prior to the filing of this lawsuit.

**RESPONSE**: Trans Union admits that the correspondence purporting to be from Plaintiff titled "Final Notice – Trans Union's Continued Willful Noncompliance & Legal Demand for Immediate Action" included a section titled "Final Demand for Compliance & Compensation."

**REQUEST FOR ADMISSION NO. 25**: Admit that Defendant represented Plaintiff's dispute as "unable to be processed" in a communication on or about March 26, 2025.

**RESPONSE**: Trans Union objects to this Request on the grounds that the term "Plaintiff's dispute" is unclear because the Request does not identify any particular dispute, and it appears to be related to the document titled "Final Notice – Trans Union's Continued Willful Noncompliance & Legal Demand for Immediate Action." Subject to and without waiving its objections, Trans Union admits that it sent a letter to Plaintiff on March 26, 2025, informing her that Trans Union was unable to process the correspondence received on March 24, 2026, because they were unable to determine the nature of her request.

**REQUEST FOR ADMISSION NO. 26**: Admit that Defendant modified, updated, or otherwise changed information in Plaintiff's credit file during the same period in which it claimed the dispute was "unable to be processed."

**RESPONSE**: Trans Union objects to this Request on the grounds that it fails to state each matter separately as required by Rule 36. Trans Union objects to this Request on the grounds that the terms "modified, updated or otherwise changed information" is unclear as it does not state with specificity which information is being referred to. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request because of, among other things, the ambiguity of its terms.

**REQUEST FOR ADMISSION NO. 27**: Admit that Defendant received Plaintiff's 2025 dispute correspondence and failed to permanently delete all information Plaintiff identified as fraudulent or inaccurate.

**RESPONSE**: Trans Union objects to this Request on the grounds that the terms "Plaintiff's 2025 dispute correspondence" and "all information Plaintiff identified as fraudulent or inaccurate" are unclear because the Request does not identify a specific dispute or allegedly inaccurate information. Trans Union further objects to this Request on the grounds that it fails to state each matter separately as required by Rule 36. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request because of, among other things, the ambiguity of its terms.

**REQUEST FOR ADMISSION NO. 28**: Admit that Defendant added a fraud alert to Plaintiff's credit file on or about September 19, 2025.

**RESPONSE**: Denied. However, Trans Union admits that it added a fraud alert to Plaintiff's credit file on September 15, 2025.

**REQUEST FOR ADMISSION NO. 29**: Admit that Plaintiff did not submit a request to Defendant to place the fraud alert added on September 19, 2025.

**RESPONSE**: Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request. However, Trans Union states that it would have no reason to add a fraud alert to Plaintiff's credit file unless Plaintiff expressed a concern to Trans Union about being the victim of fraud.

**REQUEST FOR ADMISSION NO. 30**: Admit that Defendant's legal counsel communicated the notice of the fraud alert to Plaintiff via email.

**RESPONSE**: Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 31**: Admit that the fraud alert notice letter provided to Plaintiff via email by Defendant's counsel included a mailing address that Plaintiff had previously disputed as inaccurate.

**RESPONSE**: Trans Union objects to this Request on the grounds that it does not identify any particular date and it contains an unlimited timeframe. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 32**: Admit that Defendant, or a third-party vendor utilized by Defendant to store or process consumer data, experienced an unauthorized access event or data breach involving consumer personal identifying information (PII) in 2025.

**RESPONSE**: Trans Union objects to this Request on the grounds that the term "unauthorized access event" is unclear. Trans Union further objects to this Request on the grounds that it seeks admissions regarding the actions of another party. Trans Union also objects to this Request on the grounds that it fails to state each matter separately as required by Rule 36. Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request because of, among other things, the ambiguity of its terms.

**REQUEST FOR ADMISSION NO. 33**: Admit that Defendant cannot provide a forensic guarantee that Plaintiff's personal identifying information was excluded from the data compromised during the aforementioned unauthorized access events or data breaches in 2025.

**RESPONSE**: Trans Union objects to this Request on the grounds that the term "forensic guarantee" and "aforementioned unauthorized access" are unclear. Trans Union further objects to this Request on the grounds that it fails to state each matter separately as required by Rule 36.

Subject to and without waiving its objections, Trans Union states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request because of, among other things, the ambiguity of its terms.

Respectfully submitted,

Scott E. Brady, Esq. (30534-49)
Nermy J. Winner, Esq. (38591-49)
Quilling, Selander, Lownds, Winslett &
  Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: 317-497-5600, Ext. 602 & 605
Fax: 317-899-9348
E-Mail: sbrady@qslwm.com
E-Mail: nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, and/or email, on the **24ᵗʰ day of April, 2026**, properly addressed as follows:

| **Pro Se Plaintiff** | **for Defendant Equifax, Inc and Equifax Information Services, LLC** |
|---|---|
| Asanti Rodgers<br>1128 Burr Street<br>Gary, IN  46406<br>24princesslove@gmail.com | Neil R. Peluchette, Esq.<br>Taft Stettinius & Hollister, LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, IN  46204<br>npeluchette@taftlaw.com |

*/s/ Nermy Winner*

Scott E. Brady, Esq. (30534-49)
Nermy J. Winner, Esq. (38591-49)
Quilling, Selander, Lownds, Winslett &
  Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  317-497-5600, Ext. 602 & 605
Fax:  317-899-9348
E-Mail:  sbrady@qslwm.com
E-Mail:  nermy.winner@qslwm.com

*Counsel for Defendant Trans Union LLC*