**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ASANTI RODGERS, | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-00242-PPS-AZ |
| TRANSUNION, LLC and EQUIFAX, INC. and EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendants. | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OBJECTIONS AND**
**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, Equifax Information Services LLC ("Equifax"), serves upon Plaintiff, Asanti Rodgers ("Plaintiff"), the following objections and responses to Plaintiff's First Interrogatories to Defendant Equifax Information Services LLC ("Interrogatories").

**PRELIMINARY STATEMENT**

Equifax will make reasonable efforts to respond to each of the Interrogatories, to the extent that no objection is made, as Equifax understands and interprets the Interrogatory. If Plaintiff subsequently asserts any interpretation of any Interrogatory that differs from Equifax's interpretation, Equifax reserves the right to supplement its objections and responses.

A two-year statute of limitations applies to Plaintiff's claims in this case. Consequently, for purposes of responding to the Interrogatories, Equifax will consider the relevant time period to be May 28, 2023 through May 28, 2025, the date that Plaintiff filed the Complaint.

325454153v.1

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all entities, including any parent companies, affiliates, and related entities, involved in the ownership, operation, maintenance, and/or control of any systems used by EIS to store, process, and maintain Plaintiff's consumer file.

### RESPONSE TO NO. 1:

Equifax objects to this Interrogatory on the basis that the phrases "all entities, including any parent companies, affiliates, and related entities," "ownership, operation, maintenance, and/or control," and "any systems used by EIS to store, process, and maintain Plaintiff's consumer file" are overly broad and unduly burdensome and do not define the information sought with reasonable particularity. Equifax also objects to this Interrogatory on the grounds that seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Further, Equifax objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Equifax also objects to this Interrogatory on the grounds that it seeks information designed to procure irrelevant, inadmissible evidence and is a fishing expedition into information disproportionate to Plaintiff's legitimate discovery needs.

Subject to and without waiving the foregoing objections, Equifax states that it will not search for and produce any information or documents in response to this Interrogatory at this time.

### INTERROGATORY NO. 2:

Describe the role of each entity identified in INTERROGATORY NO. 1 in connection with Plaintiff's consumer file, dispute processing, or credit reporting.

2

**RESPONSE TO NO. 2:**

Equifax objects to this Interrogatory on the basis that the phrases "each entity" and "Plaintiff's consumer file, dispute processing, or credit reporting" are overly broad and unduly burdensome and do not define the information sought with reasonable particularity. Equifax also objects to this Interrogatory on the grounds that seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Further, Equifax objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Equifax also objects to this Interrogatory on the grounds that it seeks information designed to procure irrelevant, inadmissible evidence and is a fishing expedition into information disproportionate to Plaintiff's legitimate discovery needs.

Subject to and without waiving the foregoing objections, Equifax states that it will not search for and produce any information or documents in response to this Interrogatory at this time.

**INTERROGATORY NO. 3:**

Identify all individuals who had supervisory authority over systems used to process Plaintiff's consumer file and state their employer.

**RESPONSE TO NO. 3:**

Equifax objects to this Interrogatory on the basis that the phrases "all individuals," "supervisory authority," and "systems used to process Plaintiff's consumer file" are overly broad and unduly burdensome and do not define the information sought with reasonable particularity. Equifax also objects to this Interrogatory on the grounds that seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the

3

importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Further, Equifax objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Equifax also objects to this Interrogatory on the grounds that it seeks information designed to procure irrelevant, inadmissible evidence and is a fishing expedition into information disproportionate to Plaintiff's legitimate discovery needs.

Subject to and without waiving the foregoing objections, Equifax states that it will not search for and produce any information or documents in response to this Interrogatory at this time.

**INTERROGATORY NO. 4:**

Explain in detail the basis for EIS's statement that it was unable to locate Plaintiff's consumer file in response to Plaintiff's disputes submitted in 2025.

**RESPONSE TO NO. 4:**

Equifax objects to this Interrogatory on the basis that the phrases "basis for EIS's statement" and "Plaintiff's disputes submitted in 2025" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Further, Equifax objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Finally, Equifax objects to this Interrogatory on the grounds that it is more appropriately sought through another discovery mechanism, such as a deposition.

Subject to and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's documents produced herewith and Equifax's confidential, proprietary and or trade secret

4

policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

**INTERROGATORY NO. 5:**

Describe how EIS subsequently located, accessed, and/or processed Plaintiff's consumer file after initially stating it could not be located.

**RESPONSE TO NO. 5:**

Equifax objects to this Interrogatory on the basis that the phrase "located, accessed, and/or processed Plaintiff's consumer file" is overly broad and unduly burdensome, does not define the information sought with reasonable particularity, and seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Further, Equifax objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Finally, Equifax objects to this Interrogatory on the grounds that it is more appropriately sought through another discovery mechanism, such as a deposition.

Subject to and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's documents produced herewith and Equifax's confidential, proprietary and or trade secret policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

**INTERROGATORY NO. 6:**

For each dispute submitted by Plaintiff in 2025, identify the steps taken by EIS to investigate the dispute, and identify all individuals who made, approved, and participated in any decision to verify, update, suppress, delete, and maintain any account associated with Plaintiff, including each individual's role in each such decision.

5

325454153v.1

**RESPONSE TO NO. 6:**

Equifax objects to this Interrogatory on the grounds that it presents multiple discrete subparts as a single Interrogatory. Equifax also objects to this Interrogatory on the basis that the phrases "each dispute submitted by Plaintiff in 2025," "the steps taken," "all individuals," "any decision," "any account associated with Plaintiff," and "each individual's role in each such decision" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Interrogatory is not tied to the specific facts of this case, the information sought is irrelevant. Equifax further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Equifax also objects to this Interrogatory to the extent it seeks confidential and/or proprietary trade secret information of Equifax or third-parties. Fed. R. Civ. P. 26(c).

Subject to and without waiving these objections, Equifax first states that it accepts credit information only from those sources of information, referred to as "data furnishers," that it determines to be reasonably reliable based upon a source's reputation in the community or Equifax's longstanding business relationship with it. When Equifax receives a request from a company to become a data furnisher and user of Equifax's credit information, Equifax conducts an extensive investigation to ensure that the company is reliable. Each company must complete a detailed application and sign a subscriber agreement. Upon receipt of an application, subscriber

6

agreement, and valid business license, Equifax's new-accounts department conducts an investigation of the company, which may include an onsite visit, to determine the company's legitimacy and reliability. Equifax's standard data furnisher contract requires data furnishers to provide accurate data and to update the data regularly. The FCRA also requires data furnishers to provide accurate information and to verify information when requested to do so. Generally, data furnishers and other sources of information report credit information and update the credit history of consumers on a monthly basis through a tape-reporting process to Equifax.

Further, Equifax maintains procedures for investigation of the consumer disputes. Equifax followed its policies and procedures for investigating consumer disputes. A consumer may contact Equifax to dispute information reporting in his or her credit file by telephone, mail, or through the Internet. When Equifax receives a dispute from a consumer, it makes an electronic record of the dispute in a system known as "CCMS" or "OAD." The CCMS or OAD record reflects, among other things, when the dispute was received, how it was received, the steps taken in the reinvestigation of the dispute, and the date the results of the reinvestigation were sent to the consumer. Upon receipt of a dispute from a consumer regarding the accuracy of information in the consumer's credit file, Equifax reviews and considers all of the relevant information, if any, that the consumer provides regarding the nature of the dispute and the contents of the consumer's credit file. If, upon review of the dispute, the contents of the file, and the information provided by the consumer, Equifax is able to make the requested modifications or deletions to the consumer's file, it will undertake those immediately.

If further investigation of the consumer's dispute is required, Equifax notifies the source of the information and advises it of the consumer's dispute, describes all relevant information, and provides the consumer's account information as it then appears in the consumer's Equifax credit

325454153v.1

file.  If a consumer's dispute is made via telephone, the relevant information is described to the data furnisher. In a mail dispute, the relevant information is forwarded to the data furnisher. Equifax asks the data furnisher to investigate the consumer's dispute and to advise Equifax if the account information is inaccurate.  The data furnisher is in the best position to investigate a dispute, as it has the applications for credit, account history, and other direct information concerning the account.  Communications between Equifax and the data furnisher are generally made through a process wherein Equifax electronically transmits a form called an Automated Consumer Dispute Verification ("ACDV") to the data furnisher.  The ACDV process is an industry standard used by all three of the nationwide consumer reporting agencies (Equifax, Experian, and Trans Union). When a data furnisher receives an ACDV from Equifax, it is required, both by its contract with Equifax and by the FCRA, to conduct its own investigation and to report the results to Equifax in a timely manner. Equifax will also send ACDVs to furnishers when it receives notification from another consumer reporting agency ("CRA") that a consumer has made a dispute of account information as fraudulent to that CRA.

If the data furnisher advises Equifax to delete or otherwise update the account information, and such advisal comports with Equifax's policies and procedures, then Equifax takes the necessary action and notifies the consumer.  If the data furnisher verifies that the account is being accurately reported, and such verification comports with Equifax's policies and procedures, then Equifax will make no changes to the account and will continue to report it as it previously appeared on the credit file.  Following the completion of its reinvestigation, Equifax sends the consumer the results of the reinvestigation along with a summary of the consumer's rights under the FCRA, including the right to add a consumer statement to the credit file if the consumer disagrees with

the results.  Equifax's policy is that these steps are to be completed within the time frame provided by the FCRA.

Further responding, Equifax states that pursuant to Fed. R. Civ. P. 33(d), further answer to this Interrogatory may be determined through examination of the documents produced herewith, and Equifax's confidential, proprietary and or trade secret policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

**INTERROGATORY NO. 7:**

Identify all documents, data, or information relied upon by EIS in verifying the accuracy of each disputed account in Plaintiffs 2025 disputes.

**RESPONSE TO NO. 7:**

Equifax objects to this Interrogatory on the basis that the phrases "all documents, data, or information" and "each disputed account in Plaintiffs 2025 disputes" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Interrogatory is not tied to the specific facts of this case, the information sought is irrelevant.  Equifax further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Equifax also objects to this Interrogatory to the extent it seeks confidential and/or proprietary trade secret information of Equifax or third-parties. Fed. R. Civ. P. 26(c).

Subject to and without waiving these objections, Equifax refers Plaintiff to its response to Interrogatory No. 6 and the documents referenced therein.

**INTERROGATORY NO. 8:**

Identify and describe all communications received from the following furnishers in response to Plaintiff's disputes, including but not limited to all Automated Consumer Dispute Verification (ACDV) forms, Consumer Dispute Verification (CDV) forms, Automated Universal Data Forms (AUDF), Universal Data Forms (UDF), e-OSCAR communications, transmissions, responses, and any attachments or supporting data:

- NCB Management Services

- MOHELA / Department of Education ·

- Credit Collection Services ·

- Caine & Weiner

- Sequium Asset Solutions

- Credit Acceptance Corp.

- Discover Bank

**RESPONSE TO NO. 8:**

Equifax objects to this Interrogatory on the grounds that it presents multiple discrete subparts as a single Interrogatory. Equifax also objects to this Interrogatory on the basis that the phrases "all communications," "Plaintiff's disputes," and "all Automated Consumer Dispute Verification (ACDV) forms, Consumer Dispute Verification (CDV) forms, Automated Universal Data Forms (AUDF), Universal Data Forms (UDF), e-OSCAR communications, transmissions, responses, and any attachments or supporting data" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Equifax further objects

10

325454153v.1

to this Interrogatory to the extent it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p.

Subject to and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), further answer to this Interrogatory may be determined through examination of the documents produced herewith.

**INTERROGATORY NO. 9:**

For each disputed account, state whether EIS conducted any independent investigation beyond reliance on furnishers, and if so, describe that investigation.

**RESPONSE TO NO. 9:**

Equifax objects to this Interrogatory on the grounds that it presents multiple discrete subparts as a single Interrogatory. Equifax also objects to this Interrogatory on the basis that the phrases "each disputed account," "any independent investigation" and "reliance on furnishers" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Interrogatory is not tied to the specific facts of this case, the information sought is irrelevant. Equifax further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Equifax also objects to this Interrogatory to the extent it seeks confidential and/or proprietary trade secret information of Equifax or third-parties. Fed. R. Civ. P.

11

26(c). Equifax further objects to this Interrogatory to the extent it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p.

Subject to and without waiving these objections, Equifax refers Plaintiff to its response to Interrogatory No. 6 and the documents referenced therein.

**INTERROGATORY NO. 10:**

For each of the following furnishers, identify all information provided to EIS in connection with Plaintiff's disputes:

- NCB Management Services ·
- MOHELA / Department of Education
- Credit Collection Services ·
- Caine & Weiner ·
- Sequium Asset Solutions ·
- Credit Acceptance Corp.
- Discover Bank

**RESPONSE TO NO. 10:**

Equifax objects to this Interrogatory on the grounds that it presents multiple discrete subparts as a single Interrogatory and is duplicative, at least in part, of Interrogatory No. 8. Equifax also objects to this Interrogatory on the basis that the phrases "all information" and "in connection with Plaintiff's disputes" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the

325454153v.1

work- product doctrine, or any other privilege or immunity. Equifax further objects to this Interrogatory to the extent it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p.

Subject to and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), further answer to this Interrogatory may be determined through examination of the documents produced herewith.

**INTERROGATORY NO. 11:**

State whether EIS received any communication from the U.S. Department of Education regarding the discharge or status of Plaintiff's student loan accounts, and if so, describe the content and date of such communication.

**RESPONSE TO NO. 11:**

Equifax objects to this Interrogatory on the grounds that it presents multiple discrete subparts as a single Interrogatory and is duplicative, at least in part, of Interrogatory Nos. 8 and 10. Equifax also objects to this Interrogatory on the basis that the phrases "any communication" and "Plaintiff's student loan accounts" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Equifax further objects to this Interrogatory to the extent it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p.

325454153v.1

Subject to and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), further answer to this Interrogatory may be determined through examination of the documents produced herewith.

**INTERROGATORY NO. 12:**

Explain the basis for any decision by EIS to block or not block accounts reported as identity theft by Plaintiff.

**RESPONSE TO NO. 12:**

Equifax objects to this Interrogatory on the basis that the phrases "the basis for any decision" and "accounts reported as identity theft by Plaintiff" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Further, Equifax objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Equifax also objects to this Interrogatory to the extent it improperly seeks discovery into the mental impressions of counsel. Equifax further objects to this Interrogatory to the extent it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Finally, Equifax objects to this Interrogatory on the grounds that it is more appropriately sought through another discovery mechanism, such as a deposition.

Subject to and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's documents produced herewith and Equifax's confidential, proprietary and or trade secret

325454153v.1

policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

**INTERROGATORY NO. 13:**

Identify all documentation EIS required from Plaintiff to process identity theft claims and explain why such documentation was required.

**RESPONSE TO NO. 13:**

Equifax objects to this Interrogatory on the grounds that it presents multiple discrete subparts as a single Interrogatory. Equifax also objects to this Interrogatory on the basis that the phrases "all documentation" and "identity theft claims" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Further, Equifax objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Equifax further objects to this Interrogatory to the extent it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Finally, Equifax objects to this Interrogatory on the grounds that it is more appropriately sought through another discovery mechanism, such as a deposition.

Subject to and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's confidential, proprietary and or trade secret policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

325454153v.1

**INTERROGATORY NO. 14:**

Explain the basis for requesting "human trafficking documentation" from Plaintiff and identify all policies, procedures, or legal authority supporting such request.

**RESPONSE TO NO. 14:**

Equifax objects to this Interrogatory on the grounds that it presents multiple discrete subparts as a single Interrogatory. Equifax also objects to this Interrogatory on the basis that the phrases "the basis" and "all policies, procedures, or legal authority" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Further, Equifax objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Equifax also objects to this Interrogatory on the grounds that it improperly calls for a legal conclusion and/or the mental impressions of Equifax's attorneys. Equifax further objects to this Interrogatory to the extent it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Finally, Equifax objects to this Interrogatory on the grounds that it is more appropriately sought through another discovery mechanism, such as a deposition.

Subject to and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's confidential, proprietary and or trade secret policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

325454153v.1

**INTERROGATORY NO. 15:**

Explain the basis for classifying the NCB Management Services account as "Other," including all codes, definitions, and guidelines relied upon.

**RESPONSE TO NO. 15:**

Equifax objects to this Interrogatory on the basis that the phrases "the basis," "classifying the NCB Management Services account as "'Other,'" and "all codes, definitions, and guidelines relied upon" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Further, Equifax objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Equifax further objects to this Interrogatory to the extent it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Finally, Equifax objects to this Interrogatory on the grounds that it is more appropriately sought through another discovery mechanism, such as a deposition.

Subject to and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's documents produced herewith and Equifax's confidential, proprietary and or trade secret policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

**INTERROGATORY NO. 16:**

State whether Plaintiff's personally identifiable information was exposed, accessed, and placed at risk in any data breach, vulnerability, and/or unauthorized access incident from January 1, 2017 to present, and describe each such incident, including the date, nature of the incident,

17

systems affected, how Plaintiff's information was involved, and all impacts to Plaintiff resulting from such incident.

**RESPONSE TO NO. 16:**

Equifax objects to this Interrogatory on the grounds that it presents multiple discrete subparts as a single Interrogatory. Equifax also objects to this Interrogatory on the basis that the phrases "Plaintiff's personally identifiable information," "exposed, accessed, and placed at risk," "any data breach, vulnerability, and/or unauthorized access incident," "systems affected," and "all impacts to Plaintiff resulting from such incident" are overly broad and unduly burdensome and do not define the information sought with reasonable particularity. Equifax also objects to this Interrogatory on the grounds that seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Further, Equifax objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Equifax further objects to this Interrogatory to the extent it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax also objects to this Interrogatory on the grounds that it seeks information designed to procure irrelevant, inadmissible evidence and is a fishing expedition into information disproportionate to Plaintiff's legitimate discovery needs.

Subject to and without waiving the foregoing objections, Equifax states that it will not search for and produce any information or documents in response to this Interrogatory at this time.

**INTERROGATORY NO. 17:**

Identify all systems in which Plaintiff's personal information was stored that were affected by any vulnerabilities, deficiencies, or unauthorized access incidents.

**RESPONSE TO NO. 17:**

Equifax objects to this Interrogatory on the basis that the phrases "all systems," "Plaintiff's personal information," and "any vulnerabilities, deficiencies, or unauthorized access incidents" are overly broad and unduly burdensome and do not define the information sought with reasonable particularity. Equifax also objects to this Interrogatory on the grounds that seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Further, Equifax objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Equifax further objects to this Interrogatory to the extent it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax also objects to this Interrogatory on the grounds that it seeks information designed to procure irrelevant, inadmissible evidence and is a fishing expedition into information disproportionate to Plaintiff's legitimate discovery needs.

Subject to and without waiving the foregoing objections, Equifax states that it will not search for and produce any information or documents in response to this Interrogatory at this time.

**INTERROGATORY NO. 18:**

Identify all entities that accessed Plaintiff's consumer report and state the permissible purpose for each access.

325454153v.1

**RESPONSE TO NO. 18:**

Equifax objects to this Interrogatory on the grounds that it presents multiple discrete subparts as a single Interrogatory. Equifax also objects to this Interrogatory on the basis that the phrases "all entities," "Plaintiff's consumer report," and "the permissible purpose for each access" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Interrogatory on the grounds that it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." See 15 U.S.C. § 1681p. Equifax also objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity.

Subject to and without waiving these objections, Equifax states that it does not maintain copies of consumer reports it provides to third parties but that, pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's documents produced herewith, namely the inquiry sections in the consumer disclosures contained therein.

**INTERROGATORY NO. 19:**

Describe the training provided to employees regarding dispute handling, reinvestigation, and accuracy requirements under the FCRA.

**RESPONSE TO NO. 19:**

Equifax objects to this Interrogatory on the basis that it the phrases "training," "employees," and "dispute handling, reinvestigation, and accuracy requirements" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R.

325454153v.1

Civ. P. 26. Equifax further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Interrogatory is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Interrogatory on the grounds that it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Interrogatory to the extent it seeks confidential and/or proprietary trade secret information of Equifax or third-parties. Fed. R. Civ. P. 26(c). Finally, Equifax objects to this Interrogatory on the grounds that it is more appropriately sought through another discovery mechanism, such as a deposition.

Subject to and without waiving the foregoing objections, Equifax states that dispute operators are provided with at least four weeks of dispute training, plus an additional week of specialty training on particular matters. The five-week training consists of classroom instruction provided by a Specialist for Training and Development.

At the conclusion of the classroom instruction, each participant is required to pass a competency test. Those who do not pass are not allowed to work on Equifax matters. If the participant achieves a passing grade, he or she will receive a minimum of two and one half days of on-the-job training. Each training class has a coach, who provides feedback to ensure participants understand the process. Each training class is also assigned a quality analyst, who is responsible for monitoring all work processed during on-the-job training. Immediate feedback is

provided to each agent by the analyst. After training is complete, quality analysts continue to monitor the work of all agents.

**INTERROGATORY NO. 20:**

Identify all performance metrics, quotas, and incentive structures relating to the handling of consumer disputes, and identify all ways in which Plaintiff's personal information has been used, shared, licensed, or otherwise processed by EIS to generate revenue, financial benefit, and commercial value, including all entities that received such benefit and all purposes for which Plaintiff's information was used outside of credit reporting.

**RESPONSE TO NO. 20:**

Equifax objects to this Interrogatory on the grounds that it presents multiple discrete subparts as a single Interrogatory. Equifax also objects to this Interrogatory on the basis that the phrases "all performance metrics, quotas, and incentive structures," "the handling of consumer disputes," "Plaintiff's personal information," "used, shared, licensed, or otherwise processed," "revenue, financial benefit, and commercial value," "all entities that received such benefit," and "all purposes for which Plaintiff's information was used outside of credit reporting" are overly broad and unduly burdensome and do not define the information sought with reasonable particularity. Equifax also objects to this Interrogatory on the grounds that seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Further, Equifax objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Equifax also objects to this Interrogatory on the grounds that it seeks information designed to procure irrelevant, inadmissible evidence and is a fishing expedition into information disproportionate to Plaintiff's legitimate discovery needs.

22

Finally, Equifax objects to this Interrogatory on the grounds that it is argumentative, assumes facts

not in evidence, and requires Equifax to accept an unsupported premise.

Subject to and without waiving the foregoing objections, Equifax states that it will not

search for and produce any information or documents in response to this Interrogatory at this time.

**INTERROGATORY NO. 21:**

Identify all individuals, including any attorneys, who communicated with Plaintiff regarding Plaintiff's consumer file, disputes, access to credit reports, or this litigation, and for each individual:

- state their name ·

- state their employer ·

- state whether they are employed by EIS or any parent company, including Equifax Inc.

- state whether they are authorized to act on behalf of EIS

- describe the nature of their involvement and the authority under which they communicated with Plaintiff

**RESPONSE TO NO. 21:**

Equifax objects to this Interrogatory on the grounds that it presents multiple discrete

subparts as a single Interrogatory. Equifax also objects to this Interrogatory on the basis that the

phrases "all individuals, including any attorneys," "regarding Plaintiff's consumer file, disputes,

access to credit reports, or this litigation," and "the nature of their involvement and the authority

under which they communicated with Plaintiff" are overly broad and unduly burdensome, do not

define the information sought with reasonable particularity, and seek information that is neither

relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further

objects to this Interrogatory to the extent that it seeks information protected by the attorney-client

privilege, the work- product doctrine, or any other privilege or immunity. Equifax further objects

to this Interrogatory to the extent it seeks information covering a time period beyond the applicable

325454153v.1

statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p.

Subject to and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), further answer to this Interrogatory may be determined through examination of the documents produced herewith.

**INTERROGATORY NO. 22:**

Identify all communications between EIS and any co-defendant relating to Plaintiff, Plaintiff's consumer file, Plaintiff's disputes, or this litigation, and describe the subject matter of each such communication.

**RESPONSE TO NO. 22:**

Equifax objects to this Interrogatory on the grounds that it presents multiple discrete subparts as a single Interrogatory. Equifax also objects to this Interrogatory on the basis that the phrases "all communications," "any co-defendant," "relating to Plaintiff, Plaintiff's consumer file, Plaintiff's disputes, or this litigation" and "the subject matter of each such communication" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Equifax further objects to this Interrogatory to the extent it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p.

Subject to and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), further answer to this Interrogatory may be determined through examination of the documents produced herewith.

24

325454153v.1

**INTERROGATORY NO. 23:**

Describe any coordination, joint efforts, or shared strategies between EIS and any co-defendant relating to the handling of Plaintiff's disputes, consumer file, or this litigation.

**RESPONSE TO NO. 23:**

Equifax objects to this Interrogatory on the basis that the phrases "any coordination, joint efforts, or shared strategies," "any co-defendant," and "relating to the handling of Plaintiff's disputes, consumer file, or this litigation" are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Interrogatory to the extent it improperly seeks discovery into the mental impressions of counsel and seeks information protected by the attorney work product doctrine, attorney client privilege, or other privilege or immunity. Equifax also objects to this Interrogatory on the grounds that it seeks information designed to procure irrelevant, inadmissible evidence and is a fishing expedition into information disproportionate to Plaintiff's legitimate discovery needs.

Subject to and without waiving the foregoing objections, Equifax states that it will not search for and produce any information or documents in response to this Interrogatory at this time.

**INTERROGATORY NO. 24:**

Explain in detail the basis for EIS's decision to block the Exeter Finance account associated with Plaintiff as identity theft while continuing to report, add, or maintain the NCB Management Services account associated with Plaintiff, including:

- the steps taken to investigate each account ·
- the information relied upon for each determination ·
- any communications with furnishers regarding each account   ·
- and the reasons for any difference in treatment between the two accounts

325454153v.1

**RESPONSE TO NO. 24:**

Equifax objects to this Interrogatory on the grounds that it presents multiple discrete subparts as a single Interrogatory. Equifax also objects to this Interrogatory on the basis that the phrases "the basis for EIS's decision," "report, add, or maintain the NCB Management Services account," "the steps taken to investigate each account," "the information relied upon for each determination," "any communications with furnishers regarding each account," and "the reasons for any difference in treatment between the two accounts are overly broad and unduly burdensome, do not define the information sought with reasonable particularity, and seek information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Further, Equifax objects to this Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work- product doctrine, or any other privilege or immunity. Equifax also objects to this Interrogatory to the extent it improperly seeks discovery into the mental impressions of counsel. Equifax further objects to this Interrogatory to the extent it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Finally, Equifax objects to this Interrogatory on the grounds that it is more appropriately sought through another discovery mechanism, such as a deposition.

Subject to and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's documents produced herewith and Equifax's confidential, proprietary and or trade secret policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

26

325454153v.1

DATED:  May 14, 2026

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP


By:  */s/ Neil R. Peluchette*
    Neil R. Peluchette (#35577-82)
    npeluchette@taftlaw.com
    TAFT STETTINIUS & HOLLISTER LLP
    One Indiana Square, Suite 3500
    Indianapolis, Indiana  46204
    Telephone:  (317) 713-3447
    Facsimile:  (317) 713-3699

*Counsel for Defendant*
*Equifax Information Services LLC,*
*incorrectly identified as Equifax, Inc.*

325454153v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 14, 2026, I served the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES upon all counsel of record via electronic mail.  A copy has also been sent via electronic mail to Pro Se Plaintiff at 24princesslove@gmail.com.

*/s/ Neil R. Peluchette*

Neil R. Peluchette
*Counsel for Defendant*
*Equifax Information Services LLC,*
*incorrectly identified as Equifax, Inc.*

325454153v.1