**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

ASANTI RODGERS,

      Plaintiff,

    v.

TRANSUNION, LLC and EQUIFAX, INC. and
EQUIFAX INFORMATION SERVICES, LLC,

      Defendants.

Case No. 2:25-cv-00242-PPS-AZ

### DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant, Equifax Information Services LLC ("Equifax"), serves upon Plaintiff, Asanti Rodgers ("Plaintiff"), its objections and responses to Plaintiff's Request for Admission ("Requests") as follows:

### PRELIMINARY STATEMENT

Equifax will make reasonable efforts to respond to each of the Requests, to the extent that no objection is made, as Equifax understands and interprets the Request. If Plaintiff subsequently asserts any interpretation of any Request that differs from Equifax's interpretation, Equifax reserves the right to supplement its objections and responses.

A two-year statute of limitations applies to Plaintiff's claims in this case. Consequently, for purposes of responding to the Requests, Equifax will consider the relevant time period to be May 28, 2023 through May 28, 2025, the date Plaintiff filed the Complaint.

### REQUEST FOR ADMISSION NO. 1:

Admit that on or about February 22, 2025, Defendant stated that it was unable to locate Plaintiff's consumer file.

325454099v.1

**RESPONSE TO NO. 1:**

Equifax objects to this Request on the basis that it seeks an admission regarding the contents of a document that speaks for itself.

Subject to and without waiving the foregoing objections, Equifax admits this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that at the time Defendant represented that it was unable to locate Plaintiff's consumer file, Defendant accessed, used, and relied upon Plaintiff's consumer file in connection with Plaintiff's disputes.

**RESPONSE TO NO. 2:**

Equifax objects to this Request as it is misleading, argumentative, and designed to infer that Equifax's actions violated the Fair Credit Reporting Act. Equifax also objects to this Request on the grounds that it is vague and ambiguous with respect to the terms "accessed, used, and relied upon."

Subject to and without waiving the foregoing objections, Equifax denies the request as it relates to a direct dispute from Plaintiff. In response to a CFPB Complaint, Equifax notified Plaintiff that it was unable to locate Plaintiff's Equifax credit file.

**REQUEST FOR ADMISSION NO. 3:**

Admit that as of February 22, 2025, Plaintiff had provided Defendant with a copy of a Social Security Card, a Driver's License, and a complete FTC Identity Theft Report.

**RESPONSE TO NO. 3:**

Equifax states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Defendant Equifax Information Services LLC and Equifax Inc. utilize the same website to provide services to consumers, including access to consumer credit information.

325454099v.1

**RESPONSE TO NO. 4:**

Equifax objects to this Request on the basis that it is vague as to the terms "the same website," "provide services to consumers," and "access to consumer credit information." Equifax further objects to this Request on the basis that it does not define the information sought with reasonable particularity and seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Finally, Equifax objects to this Request on the grounds that it encompasses an overly broad time frame, most of which is outside the scope of Rule 26(b).

Subject to and without waiving the foregoing objections, Equifax is unable to either admit or deny this Request due to its vagueness and unintelligibility.

**REQUEST FOR ADMISSION NO. 5:**

Admit that systems used by Defendant to store, process, and maintain Plaintiff's consumer file are shared with, controlled by, or operated in coordination with Equifax Inc.

**RESPONSE TO NO. 5:**

Equifax objects to this Request on the basis that it is vague as to the terms "systems used by Defendant to store, process, and maintain Plaintiff's consumer file" and "shared with, controlled by, or operated in coordination with Equifax Inc." Equifax further objects to this Request on the basis that it does not define the information sought with reasonable particularity and seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Finally, Equifax objects to this Request on the grounds that it encompasses an overly broad time frame, most of which is outside the scope of Rule 26(b).

Subject to and without waiving the foregoing objections, Equifax is unable to either admit or deny this Request due to its vagueness and unintelligibility.

325454099v.1

**REQUEST FOR ADMISSION NO. 6:**

Admit that Defendant Equifax Information Services LLC operates subject to policies, procedures, or systems that are directed, controlled, or established by Equifax Inc. in connection with the handling of consumer data.

**RESPONSE TO NO. 6:**

Equifax objects to this Request on the basis that it is vague as to the terms "policies, procedures, or systems," "directed, controlled, or established by Equifax Inc.," and "the handling of consumer data." Equifax further objects to this Request on the basis that it does not define the information sought with reasonable particularity and seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Finally, Equifax objects to this Request on the grounds that it encompasses an overly broad time frame, most of which is outside the scope of Rule 26(b).

Subject to and without waiving the foregoing objections, Equifax is unable to either admit or deny this Request due to its vagueness and unintelligibility.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Defendant Equifax Information Services, LLC utilizes a centralized data system, including a "Single Data Fabric" or equivalent architecture, used in connection with Plaintiff's consumer file.

**RESPONSE TO NO. 7:**

Equifax objects to this Request on the basis that it is vague as to the terms "centralized data system," "'Single Data Fabric' or equivalent architecture," and "Plaintiff's consumer file." Equifax further objects to this Request on the basis that it does not define the information sought with reasonable particularity and seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Finally, Equifax objects to this Request on the grounds that it encompasses an overly broad time frame, most of which is outside the scope of Rule 26(b).

325454099v.1

Subject to and without waiving the foregoing objections, Equifax is unable to either admit or deny this Request due to its vagueness and unintelligibility.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Plaintiff's personally identifiable information was stored in systems used by Defendant that were subject to the 2017 Equifax data breach.

**RESPONSE TO NO. 8:**

Equifax objects to this Request on the basis that it is vague as to the terms "Plaintiff's personally identifiable information" and "systems used by Defendant that were subject to the 2017 Equifax data breach." Equifax further objects to this Request on the basis that it does not define the information sought with reasonable particularity and seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Finally, Equifax objects to this Request on the grounds that it encompasses an overly broad time frame, most of which is outside the scope of Rule 26(b).

Subject to and without waiving the foregoing objections, Equifax states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Plaintiff's personally identifiable information (PII) was stored in systems used by Defendant that were subject to unauthorized access, vulnerability, or compromise separate from the 2017 data breach.

**RESPONSE TO NO. 9:**

Equifax objects to this Request on the basis that it is vague as to the terms "Plaintiff's personally identifiable information" and "systems used by Defendant that were subject to unauthorized access, vulnerability, or compromise separate from the 2017 data breach." Equifax further objects to this Request on the basis that it does not define the information sought with

5

325454099v.1

reasonable particularity and seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Finally, Equifax objects to this Request on the grounds that it encompasses an overly broad time frame, most of which is outside the scope of Rule 26(b).

Subject to and without waiving the foregoing objections, Equifax states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Defendant cannot establish that Plaintiff's personally identifiable information was not compromised in connection with the 2017 data breach.

**RESPONSE TO NO. 10:**

Equifax objects to this Request on the basis that it is vague as to the terms "Plaintiff's personally identifiable information" and "the 2017 data breach." Equifax further objects to this Request on the basis that it does not define the information sought with reasonable particularity and seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Finally, Equifax objects to this Request on the grounds that it encompasses an overly broad time frame, most of which is outside the scope of Rule 26(b).

Subject to and without waiving the foregoing objections, Equifax states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that 15 U.S.C. § 1681c-2 does not require a consumer to provide human trafficking documentation to obtain an identity theft block.

**RESPONSE TO NO. 11:**

Equifax objects to this Request as it is misleading, argumentative, and designed to infer that Equifax's actions violated the Fair Credit Reporting Act.

6

Subject to and without waiving the foregoing objections, Equifax states that the statutory provisions referenced by this Request speak for themselves, and to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of those statutory provisions, Equifax denies this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Defendant failed to block all identity-theft-related information within four business days of receiving Plaintiff's 2025 disputes.

**RESPONSE TO NO. 12:**

Equifax objects to this Request on the basis that it does not identify the "disputes" that are the subject of the Request and does not describe the information sought with reasonable particularity. Equifax further objects to this Request on the grounds that it is vague and ambiguous with respect to the term "all identity-theft-related information." Finally, Equifax objects to this Request as it is misleading, argumentative, and designed to infer that Equifax's actions violated the Fair Credit Reporting Act.

Subject to and without waiving the foregoing objections, Equifax denies this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that in a communication dated February 22, 2025, Defendant stated that it was not blocking information identified by Plaintiff and that it would instead contact furnishers to verify such information.

**RESPONSE TO NO. 13:**

Equifax objects to this Request on the basis that it seeks an admission regarding the contents of a document that speaks for itself.

Subject to and without waiving the foregoing objections, Equifax admits this Request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Defendant did not state in that communication that Plaintiff's identity theft claim was false, contained a material misrepresentation, or lacked required documentation.

7

**RESPONSE TO NO. 14:**

Equifax objects to this Request on the basis that it seeks an admission regarding the contents of a document that speaks for itself. Equifax further objects to this Request on the grounds that it is vague and ambiguous with respect to the term "required documentation." Finally, Equifax objects to this Request because, as written, it is misleading and argumentative to the extent it seeks to impose a different or additional burden on Equifax than is imposed by the Fair Credit Reporting Act.

Subject to and without waiving the foregoing objections, Equifax admits this Request.

**REQUEST FOR ADMISSION NO. 15:**

Admit that in a letter dated on or about April 11, 2025, Defendant declined Plaintiff's request for an identity theft block and stated that "You did not provide sufficient documentation to confirm that you are a victim of human trafficking".

**RESPONSE TO NO. 15:**

Equifax objects to this Request on the basis that it seeks an admission regarding the contents of a document that speaks for itself. Equifax further objects to this Request as it is misleading, argumentative, and designed to infer that Equifax's actions violated the Fair Credit Reporting Act.

Subject to and without waiving the foregoing objections, Equifax admits this Request.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Defendant sent multiple communications to Plaintiff, including letters dated March 11, 2025, and March 27, 2025, requesting "human trafficking documentation" in connection with disputes submitted by Plaintiff, including disputes identified as identity theft.

**RESPONSE TO NO. 16:**

Equifax objects to this Request on the basis that it seeks an admission regarding the contents of a document that speaks for itself. Equifax further objects to this Request as it is

8

misleading, argumentative, and designed to infer that Equifax's actions violated the Fair Credit Reporting Act.

Subject to and without waiving the foregoing objections, Equifax admits this Request.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Defendant received electronic or written notification from the U.S. Department of Education in 2024 regarding the discharge of Plaintiff's student loan accounts (MOHELA).

**RESPONSE TO NO. 17:**

Equifax objects to this Request on the basis that it is vague as to the terms "electronic or written notification" and "Plaintiff's student loan accounts."

Subject to and without waiving the foregoing objections, Equifax states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the MOHELA accounts were not removed or updated to a "discharged" status within 45 days of Defendant receiving notice of the U.S. Department of Education discharge in 2024.

**RESPONSE TO NO. 18:**

Equifax objects to this Request on the basis that it is vague as to the terms "the MOHELA accounts" and "notice of the U.S. Department of Education discharge." Equifax further objects to this Request as it is misleading, argumentative, and designed to infer that Equifax's actions violated the Fair Credit Reporting Act.

Subject to and without waiving the foregoing objections, Equifax states that it has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this Request.

325454099v.1

**REQUEST FOR ADMISSION NO. 19:**

Admit that one or more accounts Plaintiff identified as inaccurate in February 2025 remained present on Plaintiff's consumer file after Plaintiff submitted disputes and were not corrected or removed prior to Plaintiff filing this lawsuit.

**RESPONSE TO NO. 19:**

Equifax objects to this Request on the basis that it is vague as to the terms "one or more accounts Plaintiff identified as inaccurate" and "after Plaintiff submitted disputes." Equifax further objects to this Request as it is misleading, argumentative, and designed to infer that Equifax's actions violated the Fair Credit Reporting Act.

Subject to and without waiving the foregoing objections, following a good faith and reasonable inquiry, Equifax generally does not maintain copies of consumer reports published to third parties and, therefore, Equifax is without information sufficient to accurately admit or deny this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that one or more accounts Plaintiff identified as fraudulent in her 2025 disputes remained present on Plaintiff's consumer report as of May 2025.

**RESPONSE TO NO. 20:**

Equifax objects to this Request on the basis that it is vague as to the terms "one or more accounts Plaintiff identified as fraudulent" and "her 2025 disputes." Equifax further objects to this Request as it is misleading, argumentative, and designed to infer that Equifax's actions violated the Fair Credit Reporting Act.

Subject to and without waiving the foregoing objections, following a good faith and reasonable inquiry, Equifax generally does not maintain copies of consumer reports published to third parties and, therefore, Equifax is without information sufficient to accurately admit or deny this Request.

325454099v.1

**REQUEST FOR ADMISSION NO. 21:**

Admit that Defendant may continue furnishing information to third parties during a reinvestigation before confirming that such information is accurate.

**RESPONSE TO NO. 21:**

Equifax objects to this request on the grounds that it is vague and not limited in time or scope. Equifax also objects to this Request on the basis that it is speculative, argumentative, and vague, and does not identify the consumer or "information" which is the subject of the Request, and does not identify the information sought to be admitted with reasonable particularity. Equifax objects on the grounds that this Request seeks information not relevant nor proportional to this case.

Subject to and without waiving the foregoing objections, Equifax denies the Request insofar as it implies that any actions of Equifax violated the FCRA.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Defendant relies on information provided by furnishers in verifying and reporting consumer account information.

**RESPONSE TO NO. 22:**

Equifax objects to this request on the grounds that it is vague and not limited in time or scope. Equifax also objects to this Request on the basis that it is speculative, argumentative, and vague, and does not identify the consumer or "account information" which is the subject of the Request, and does not identify the information sought to be admitted with reasonable particularity. Equifax objects on the grounds that this Request seeks information not relevant nor proportional to this case.

Subject to and without waiving the foregoing objections, Equifax denies the Request insofar as it implies that any actions of Equifax violated the FCRA.

325454099v.1

**REQUEST FOR ADMISSION NO. 23:**

Admit that Defendant does not independently obtain or review original account-level documentation from furnishers before verifying disputed information as accurate.

**RESPONSE TO NO. 23:**

Equifax objects to this request on the grounds that it is vague and not limited in time or scope. Equifax also objects to this Request on the basis that it is speculative, argumentative, and vague, and does not identify and "furnishers" or "disputes information" which are the subject of the Request, and does not identify the information sought to be admitted with reasonable particularity. Equifax objects on the grounds that this Request seeks information not relevant nor proportional to this case. Finally, Equifax objects to this Request because, as written, it is misleading and argumentative to the extent it seeks to impose a different or additional burden on Equifax than is imposed by the Fair Credit Reporting Act.

Subject to and without waiving the foregoing objections, Equifax denies the Request insofar as it implies that any actions of Equifax violated the FCRA.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Defendant uses consumer data for commercial purposes beyond the preparation of consumer reports, including sharing, licensing, or selling data.

**RESPONSE TO NO. 24:**

Equifax objects to this request on the grounds that it is vague and not limited in time or scope. Equifax also objects to this Request on the basis that it is speculative, argumentative, and vague, and does not identify and "consumer data" which is the subject of the Request, and does not identify the information sought to be admitted with reasonable particularity. Equifax objects on the grounds that this Request seeks information not relevant nor proportional to this case.

Subject to and without waiving the foregoing objections, Equifax denies the Request insofar as it implies that any actions of Equifax violated the FCRA.

325454099v.1

**REQUEST FOR ADMISSION NO. 25:**

Admit that Defendant does not receive revenue for deleting consumer account information from a consumer's credit file.

**RESPONSE TO NO. 25:**

Equifax objects to this request on the grounds that it is vague and not limited in time or scope. Equifax also objects to this Request on the basis that it is speculative, argumentative, and vague, and does not identify and "consumer account information" which is the subject of the Request, and does not identify the information sought to be admitted with reasonable particularity. Equifax objects on the grounds that this Request seeks information not relevant nor proportional to this case.

Subject to and without waiving the foregoing objections, Equifax admits this Request.

**REQUEST FOR ADMISSION NO. 26:**

Admit that individuals employed by Equifax Inc. participated in decisions to verify, maintain, or continue reporting accounts associated with Plaintiff.

**RESPONSE TO NO. 26:**

Equifax objects to this request on the grounds that it is vague and not limited in time or scope. Equifax also objects to this Request on the basis that it does not identify the disputes or "accounts" that are the subject of the Request and does not describe the information sought with reasonable particularity. Equifax further objects to this Request on the grounds that it is vague and ambiguous with respect to the term "individuals employed by Equifax Inc." and "verify, maintain, or continue reporting accounts associated with Plaintiff."

Subject to and without waiving the foregoing objections, Equifax admits this Request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that individuals affiliated with a parent company, including Equifax Inc., communicated with Plaintiff regarding Plaintiff's consumer file or disputes.

**RESPONSE TO NO. 27:**

Equifax objects to this request on the grounds that it is vague and not limited in time or scope. Equifax also objects to this Request on the basis that it does not identify the "disputes" that are the subject of the Request and does not describe the information sought with reasonable particularity. Equifax further objects to this Request on the grounds that it is vague and ambiguous with respect to the term "individuals affiliated with a parent company" and "regarding Plaintiff's consumer file or disputes."

Subject to and without waiving the foregoing objections, Equifax admits this Request.

**REQUEST FOR ADMISSION NO. 28:**

Admit that after the commencement of this litigation, Defendant placed a lock, security freeze, or restriction on Plaintiff's consumer file.

**RESPONSE TO NO. 28:**

Equifax objects to this Request on the grounds that it is vague and ambiguous with respect to the phrase "lock, security freeze, or restriction on Plaintiff's consumer file." Equifax further objects to this Request as it is misleading, argumentative, and designed to infer that Equifax's actions violated the Fair Credit Reporting Act.

Subject to and without waiving the foregoing objections, Equifax denies the Request insofar as it implies that any actions of Equifax violated the FCRA.

**REQUEST FOR ADMISSION NO. 29:**

Admit that the restriction on Plaintiff's consumer file prevents Plaintiff from accessing her consumer report through publicly available sources, including AnnualCreditReport.com.

**RESPONSE TO NO. 29:**

Equifax objects to this Request on the grounds that it is vague and ambiguous with respect to the phrases "the restriction" and "publicly available sources." Equifax further objects to this

14

Request as it is misleading, argumentative, and designed to infer that Equifax's actions violated the Fair Credit Reporting Act.

Subject to and without waiving the foregoing objections, Equifax denies the Request insofar as it implies that any actions of Equifax violated the FCRA.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Plaintiff did not authorize or request the placement of a lock, security freeze, or restriction on her consumer file following the filing of this lawsuit.

**RESPONSE TO NO. 30:**

Equifax objects to this Request on the grounds that it is vague and ambiguous with respect to the phrase "lock, security freeze, or restriction on her consumer file." Equifax further objects to this Request as it is misleading, argumentative, and designed to infer that Equifax's actions violated the Fair Credit Reporting Act.

Subject to and without waiving the foregoing objections, Equifax denies the Request insofar as it implies that any actions of Equifax violated the FCRA.

DATED: May 15, 2026

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

By: */s/ Neil R. Peluchette*
    Neil R. Peluchette (#35577-82)
    npeluchette@taftlaw.com
    TAFT STETTINIUS & HOLLISTER LLP
    One Indiana Square, Suite 3500
    Indianapolis, Indiana  46204
    Telephone:  (317) 713-3447
    Facsimile:  (317) 713-3699

*Counsel for Defendant*
*Equifax Information Services LLC,*
*incorrectly identified as Equifax, Inc.*

325454099v.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, I served the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION upon all counsel of record via electronic mail.  A copy has also been sent via electronic mail to Pro Se Plaintiff at 24princesslove@gmail.com.

*/s/ Neil R. Peluchette*

Neil R. Peluchette
*Counsel for Defendant*
*Equifax Information Services LLC,*
*incorrectly identified as Equifax, Inc.*

325454099v.1