**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ASANTI RODGERS, <br><br> Plaintiff, <br><br> v. <br><br> TRANSUNION, LLC and EQUIFAX, INC. and EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendants. | Case No. 2:25-cv-00242-PPS-AZ |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**
**OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, Equifax Information Services LLC ("Equifax"), serves upon Plaintiff, Asanti Rodgers ("Plaintiff"), the following objections and responses to Plaintiff's First Requests for Production of Documents to Defendant Equifax Information Services LLC ("Requests").

**PRELIMINARY STATEMENT**

Equifax reserves its objections to each and every one of the Requests to the extent they seek the production of information that is subject to the attorney-client privilege, work product doctrine, or other privileges, or that are trial preparation materials within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

Equifax will make reasonable efforts to respond to each of the Requests, to the extent that no objection is made, as Equifax understands and interprets the Request. If Plaintiff subsequently asserts any interpretation of any Request that differs from Equifax's interpretation, Equifax reserves the right to supplement its objections and responses.

325454059v.1

A two-year statute of limitations applies to Plaintiff's claims in this case. Consequently, for purposes of responding to the Requests, Equifax will consider the relevant time period to be May 28, 2023 through May 28, 2025, the date Plaintiff filed the Complaint.

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents sufficient to identify the organizational structure of Equifax Information Services, LLC ("EIS"), including reporting lines, management hierarchy, and any relationships with parent companies, affiliates, or related entities.

**RESPONSE TO NO. 1:**

Equifax objects to this Request on the grounds that it is overly broad, unduly burdensome, does not define the documents sought with reasonable particularity, and is not reasonably limited to the relevant time period, to the Plaintiff's claims, or to the allegations in the Complaint. Equifax further objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax also objects to this request to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity. Finally, Equifax objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

2

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents sufficient to show the development, implementation, oversight, and enforcement of any policies, procedures, and practices used by EIS relating to consumer reporting, dispute investigations, data accuracy, or compliance with the Fair Credit Reporting Act, including any documents reflecting involvement of any parent company, affiliate, or related entity.

**RESPONSE TO NO. 2:**

Equifax objects to this Request on the grounds that it is overly broad, unduly burdensome, does not define the documents sought with reasonable particularity, and is not reasonably limited to the relevant time period, to the Plaintiff's claims, or to the allegations in the Complaint. Equifax further objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax also objects to this request to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity. Finally, Equifax objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents sufficient to identify any agreements, arrangements, or shared services involving EIS and any parent company, affiliate, or related entity relating to consumer reporting, data processing, compliance, or dispute handling.

325454059v.1

**RESPONSE TO NO. 3:**

Equifax objects to this Request on the grounds that it is overly broad, unduly burdensome, does not define the documents sought with reasonable particularity, and is not reasonably limited to the relevant time period, to the Plaintiff's claims, or to the allegations in the Complaint. Equifax further objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax also objects to this request to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity. Finally, Equifax objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents sufficient to identify the ownership, operation, maintenance, and licensing of any systems, databases, or infrastructure used by EIS to store, process, or transmit consumer information, including any documents reflecting shared systems, services, or access with any parent company, affiliate, or related entity.

**RESPONSE TO NO. 4:**

Equifax objects to this Request on the grounds that it is overly broad, unduly burdensome, does not define the documents sought with reasonable particularity, and is not reasonably limited

4

to the relevant time period, to the Plaintiff's claims, or to the allegations in the Complaint. Equifax further objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax also objects to this request to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity. Finally, Equifax objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents sufficient to identify any reporting relationships, supervisory structures, shared personnel, or overlapping job functions involving EIS employees and any personnel affiliated with a parent company, affiliate, or related entity.

**RESPONSE TO NO. 5:**

Equifax objects to this Request on the grounds that it is overly broad, unduly burdensome, does not define the documents sought with reasonable particularity, and is not reasonably limited to the relevant time period, to the Plaintiff's claims, or to the allegations in the Complaint. Equifax further objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." 15 U.S.C. § 1681p. Equifax

5

further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax also objects to this request to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity. Finally, Equifax objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents sufficient to identify any person or entity, other than EIS, that accessed, reviewed, modified, processed, or had the ability to access Plaintiff's consumer file, disputes, or credit reporting information from January 1, 2017 to present.

**RESPONSE TO NO. 6:**

Equifax objects to this Request on the grounds that the phrases "all documents," "any person or entity," "accessed, reviewed, modified, processed, or had the ability to access," "Plaintiff's consumer file, disputes, or credit reporting information," and "from January 1, 2017 to present" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint

6

or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents sufficient to identify whether Plaintiff's personally identifiable information (PII) was stored, processed, or maintained in any system, database, or environment used by EIS that was subject to unauthorized access, compromise, or exfiltration from January 1, 2017 to present.

**RESPONSE TO NO. 7:**

Equifax objects to this Request on the grounds that the phrases "all documents," "Plaintiff's personally identifiable information," "stored, processed, or maintained," "any system, database, or environment," "unauthorized access, compromise, or exfiltration," and "from January 1, 2017 to present" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable

7

statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents sufficient to identify the systems, databases, applications, or servers affected by the 2017 data breach, including any records reflecting whether Plaintiff's information was contained within those systems.

**RESPONSE TO NO. 8:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "systems, databases, applications, or servers affected by the 2017 data breach," and "any records reflecting whether Plaintiff's information was contained within those systems" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the

8

325454059v.1

basis for such liability." *See* 15 U.S.C. § 1681p.  Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents in EIS's possession, custody, or control, including any shared or accessible records, relating to forensic analyses, incident response, root cause, vulnerability assessments, or remediation efforts associated with the 2017 data breach.

**RESPONSE TO NO. 9:**

Equifax objects to this Request on the grounds that it is overly broad, unduly burdensome, does not define the documents sought with reasonable particularity, and is not reasonably limited to the relevant time period, to the Plaintiff's claims, or to the allegations in the Complaint. Equifax further objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in

9

Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax also objects to this request to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity. Finally, Equifax objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents sufficient to identify the categories of consumer information compromised in the 2017 breach, as reflected in EIS records.

**RESPONSE TO NO. 10:**

Equifax objects to this Request on the grounds that it is overly broad, unduly burdensome, does not define the documents sought with reasonable particularity, and is not reasonably limited to the relevant time period, to the Plaintiff's claims, or to the allegations in the Complaint. Equifax further objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax also objects to this request to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, work product doctrine, or

325454059v.1

any other privilege or immunity. Equifax further objects to this Request to the extent that it seeks confidential information concerning other consumers who are not parties to this action, which Equifax is prohibited from providing by the FCRA absent a permissible purpose. Finally, Equifax objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 11:

Produce all documents sufficient to identify whether Plaintiff was identified as an affected individual in connection with the 2017 data breach, including any notification records, internal tracking logs, or consumer impact assessments.

## RESPONSE TO NO. 11:

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "an affected individual," "the 2017 data breach," and "any notification records, internal tracking logs, or consumer impact assessments" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax further objects to this Request on the basis that it seeks

11

325454059v.1

documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 12:

Produce all documents sufficient to identify any known vulnerabilities, unpatched systems, security deficiencies, and unauthorized access incidents affecting any systems, databases, or environments used by EIS to store, process, or maintain Plaintiff's personally identifiable information (PII) from January 1, 2020 to present, including any documents reflecting whether Plaintiff's information was exposed, accessed, or at risk as a result of such vulnerabilities or incidents.

## RESPONSE TO NO. 12:

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "any known vulnerabilities, unpatched systems, security deficiencies, and unauthorized access incidents," "any systems, databases, or environments," "store, process, or maintain," "Plaintiff's personally identifiable information," "from January 1, 2020 to present," and "any documents reflecting whether Plaintiff's information was exposed, accessed, or at risk" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or

325454059v.1

defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax further objects to this Request to the extent that it seeks confidential information concerning other consumers who are not parties to this action, which Equifax is prohibited from providing by the FCRA absent a permissible purpose. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure. Finally, Equifax objects to this Request on the grounds that it is argumentative, assumes facts not in evidence, and requires Equifax to accept an unsupported premise.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents sufficient to identify any incidents, from January 1, 2017 to present, involving unauthorized access to and exposure of Plaintiff's personally identifiable information in systems used and/or maintained by EIS.

**RESPONSE TO NO. 13:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "any incidents, from January 1, 2017 to present," "unauthorized access to and exposure of Plaintiff's personally identifiable information," and "systems used and/or maintained by EIS" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of

325454059v.1

the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects

to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint

or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any

party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P.

26, considering the importance of the Request in resolving the issues at stake in the action and the

fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax further

objects to this Request on the basis that it seeks documents that are that are confidential,

proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege,

or other privilege or immunity. Equifax also objects that this is an impermissible "all documents"

request, the type of which is not allowed under the Federal Rules of Civil Procedure. Finally,

Equifax objects to this Request on the grounds that it is argumentative, assumes facts not in

evidence, and requires Equifax to accept an unsupported premise.

Based on its objections, Equifax has not searched for documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 14:

Produce all documents sufficient to identify policies, procedures, and protocols used by EIS to detect, investigate, respond to, and remediate data breaches and unauthorized access incidents involving systems used to store, process, and maintain Plaintiff's personally identifiable information.

## RESPONSE TO NO. 14:

Equifax objects to this Request on the grounds that the phrases "all documents sufficient

to identify," "policies, procedures, and protocols," "detect, investigate, respond to, and remediate,"

"data breaches and unauthorized access incidents," and "systems used to store, process, and

maintain Plaintiff's personally identifiable information" are overbroad, unduly burdensome, not

limited to the relevant time period, and seek information that is irrelevant and disproportionate to

Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable

325454059v.1

particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents sufficient to identify any logs, databases, and tracking systems used by EIS to record and monitor security incidents, data breaches, and unauthorized access involving systems used to store, process, and maintain Plaintiff's personally identifiable information.

**RESPONSE TO NO. 15:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "any logs, databases, and tracking systems," "security incidents, data breaches, and unauthorized access," and "systems used to store, process, and maintain Plaintiff's personally identifiable information" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax

also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure. Finally, Equifax objects to this Request on the grounds that it is argumentative, assumes facts not in evidence, and requires Equifax to accept an unsupported premise.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents sufficient to identify any third parties, vendors, contractors, and affiliated entities that, through systems used or accessible by EIS, had access to, stored, processed, and/or transmitted Plaintiff's personal information.

**RESPONSE TO NO. 16:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "any third parties, vendors, contractors, and affiliated entities," "systems used or accessible by EIS," and "had access to, stored, processed, and/or transmitted Plaintiff's personal information" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and

16

fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p.  Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents sufficient to identify how Plaintiff's personal information was used, shared, licensed, and otherwise processed by EIS for any purpose other than credit reporting.

**RESPONSE TO NO. 17:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "Plaintiff's personal information," "used, shared, licensed, and otherwise processed," and "any purpose other than credit reporting" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period

325454059v.1

beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure. Finally, Equifax objects to this Request on the grounds that it is argumentative, assumes facts not in evidence, and requires Equifax to accept an unsupported premise.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents sufficient to identify any revenue, financial benefit, and business use derived from Plaintiff's personal information.

**RESPONSE TO NO. 18:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "any revenue, financial benefit, and business use," and "Plaintiff's personal information" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable

18

325454059v.1

statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure. Finally, Equifax objects to this Request on the grounds that it is argumentative, assumes facts not in evidence, and requires Equifax to accept an unsupported premise.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

Produce Plaintiff's complete "Full File" from January 1, 2017 to present, including:

- all versions of Plaintiff's consumer reports ·
- all suppressed or archived data ·
- audit trails ·
- access logs ·
- dispute history

including all formats, versions, and presentations in which Plaintiff's account information, including account classifications, was displayed and furnished to third parties and creditors.

19

**RESPONSE TO NO. 19:**

Equifax objects to this Request on the grounds that the phrases "Plaintiff's 'Full File,'" "all versions of Plaintiff's consumer reports," "all suppressed or archived data," audit trails," "access logs," "dispute history," "all formats, versions, and presentations," "Plaintiff's account information, including account classifications," and "third parties and creditors" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, fail to identify the documents sought with reasonable particularity, have no bearing on the validity or legitimacy of Equifax's policies and procedures, and have no bearing on the damages to which Plaintiff believes she is entitled. Indeed, in seeking her "complete Full File,'" Plaintiff is asking Equifax to replicate its entire historical credit file, without regard for its relevance to Plaintiff's allegations in this lawsuit. Equifax also objects to this Request on the grounds that it seeks documents that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax further objects to this Request on the basis that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." See 15 U.S.C. § 1681p. Finally, Equifax objects to this Request on the grounds that it is overly broad and does not identify the documents sought with reasonable particularity, particularly when Plaintiff's credit file is a "living" document subject to changes over time.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith. By way of further response, Equifax states that it does not maintain copies of consumer reports furnished to third parties, and that it no longer maintains audit trails.

325454059v.1

**REQUEST FOR PRODUCTION NO. 20:**

Produce all Consumer Dispute Verification forms ACDVs/CDVs, including all attachments, communications, and responses relating to Plaintiff's disputes.

**RESPONSE TO NO. 20:**

Equifax objects to this Request on the grounds that the phrases "all Consumer Dispute Verification forms ACDVs/CDVs," "all attachments, communications, and responses," and "Plaintiff's disputes" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all internal notes, system codes, automated responses, and manual review records used to verify, maintain, or update any disputed accounts associated with Plaintiff.

21

325454059v.1

**RESPONSE TO NO. 21:**

Equifax objects to this Request on the grounds that the phrases "all internal notes, system codes, automated responses, and manual review records," "verify, maintain, or update," and "any disputed accounts associated with Plaintiff" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents sufficient to identify the procedures used by EIS to ensure "maximum possible accuracy" of consumer reports.

325454059v.1

**RESPONSE TO NO. 22:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify" and "procedures used by EIS to ensure 'maximum possible accuracy' of consumer reports" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Specifically, the majority of Equifax's policies, in one way or another, are aimed at compliance with the FCRA. Equifax further objects to this Request on the grounds that it seeks documents and information that are neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Request is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability."  *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving its objections, Equifax agrees to produce relevant policies and procedures applicable at the time of Plaintiff's disputes following entry of a mutually agreeable protective order governing the exchange of confidential information.

23

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents relating to any reinsertion of accounts previously removed from Plaintiff's consumer file from 2020 to present.

**RESPONSE TO NO. 23:**

Equifax objects to this Request on the grounds that the phrases "all documents," "any reinsertion of accounts previously removed from Plaintiff's consumer file," and "from 2020 to present" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith.

24

325454059v.1

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents sufficient to identify compliance with 15 U.S.C. § 1681i(a)(5)(B), including but not limited to any notices or records relating to reinsertion.

**RESPONSE TO NO. 24:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "compliance with 15 U.S.C. § 1681i(a)(5)(B)," and "any notices or records relating to reinsertion" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith.

325454059v.1

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents relating to Plaintiff's identity theft reports, including but not limited to any decisions to block or not block accounts under 15 U.S.C. § 1681c-2.

**RESPONSE TO NO. 25:**

Equifax objects to this Request on the grounds that the phrases "all documents," "Plaintiff's identity theft reports," and "any decisions to block or not block accounts" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith. By way of further response, Equifax agrees to produce relevant policies and procedures

325454059v.1

applicable at the time of Plaintiff's disputes following entry of a mutually agreeable protective order governing the exchange of confidential information.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents sufficient to identify, explain, support, and justify the classification of the NCB Management Services account associated with Plaintiff as "Other," including but not limited to:

- internal coding definitions ·

- Metro 2 reporting guidelines or instructions relied upon ·

- policies, procedures, or manuals governing account type classification ·

- system codes, data fields, or input values used for this account ·

- any communications, notes, or records reflecting how or why this classification was assigned

**RESPONSE TO NO. 26:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify, explain, support, and justify," "the classification of the NCB Management Services account," "internal coding definitions," "Metro 2 reporting guidelines or instructions," "policies, procedures, or manuals governing account type classification," "system codes, data fields, or input values," and "any communications, notes, or records reflecting how or why this classification was assigned" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint

27

or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith. By way of further response, Equifax agrees to produce relevant policies and procedures applicable at the time of Plaintiff's disputes following entry of a mutually agreeable protective order governing the exchange of confidential information.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all documents sufficient to identify the standard and required classification, under EIS policies and Metro 2 guidelines, for accounts reported by third-party debt collectors or collection agencies.

**RESPONSE TO NO. 27:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "standard and required classification," "EIS policies and Metro 2 guidelines," and "accounts reported by third-party debt collectors or collection agencies" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax further objects to this Request on the grounds that it seeks documents and information that are neither relevant nor proportional to the needs of the case as

28

set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Request is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving its objections, Equifax agrees to produce relevant policies and procedures applicable at the time of Plaintiff's disputes following entry of a mutually agreeable protective order governing the exchange of confidential information.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all documents sufficient to identify any audits, reviews, error reports, and quality control findings relating to misclassification of account types, including but not limited to classification of collection accounts, from January 1, 2020 to present.

**RESPONSE TO NO. 28:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "any audits, reviews, error reports, and quality control findings," "misclassification of account types," "classification of collection accounts," and "from January 1, 2020 to present" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the

29

grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all documents sufficient to identify the permissible purpose for each entity that accessed Plaintiff's consumer report.

**RESPONSE TO NO. 29:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify" and "each entity that accessed Plaintiff's consumer report" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability."

30

*See* 15 U.S.C. § 1681p.  Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith, namely the inquiry sections in the consumer disclosures contained therein.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all subscriber agreements and contracts governing access to Plaintiff's consumer report.

**RESPONSE TO NO. 30:**

Equifax objects to this Request on the grounds that the phrases "all subscriber agreements and contracts" and "access to Plaintiff's consumer report" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p.  Equifax further objects to this Request on the basis that it is not narrowly tailored to

325454059v.1

Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax further objects to this Request on the basis that the agreements themselves generally require notice to the furnisher and consent by the furnisher to Equifax's disclosure of the agreement.

Subject to, and without waiving, its objections, Equifax agrees to review and determine whether it is able to provide a copy of any relevant subscriber agreement, if any.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all annual reports, financial statements, and documents sufficient to identify the financial condition or net worth of EIS for 2023, 2024, and 2025.

**RESPONSE TO NO. 31:**

Equifax objects to this Request on the grounds that the terms "all annual reports, financial statements, and documents sufficient to identify the financial condition or net worth of EIS" are impermissibly excessive because they seek, or could be read in the broadest sense to seek, information unrelated to and beyond the scope of Plaintiff's claims. As such, this Request seeks information not relevant to this matter and beyond the scope of Rule 26(b). Equifax objects to this Request as premature. Equifax objects to this Request to the extent it seeks publicly available information to which Plaintiff has equal access and the burden and/or expense of ascertaining the information is substantially the same. Equifax objects to this Request on the grounds that it is confidential and/or proprietary, irrelevant, overly broad, and disproportionate to Plaintiff's legitimate discovery needs. Equifax further objects to this Request to the extent such information is publicly available and accessible to Plaintiff. Equifax further objects to this Request on the

grounds that it seeks information relevant only to any claim for punitive damages, which Plaintiff

has yet to establish. Finally, Equifax objects to this Request on the basis that it seeks documents

covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to

two (2) years "after the date of discovery of the violation that is the basis for such liability." *See*

15 U.S.C. § 1681p.

Subject to and without waiving the foregoing objections, Equifax states that Equifax's

Annual Reports and Proxy Statements are publicly available online at

https://investor.equifax.com/company-information/annual-reports-proxy-statements.

**REQUEST FOR PRODUCTION NO. 32:**

Produce all insurance policies that may provide coverage for claims of negligence, privacy violations, or Fair Credit Reporting Act violations.

**RESPONSE TO NO. 32:**

Equifax objects to this Request on the grounds that it is overly broad, unduly burdensome,

does not define the documents sought with reasonable particularity, and is not reasonably limited

to the relevant time period, to the Plaintiff's claims, or to the allegations in the Complaint. Equifax

further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations

in the Complaint or to the accounts and contacts at issue, and thus seeks documents that are neither

relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in

Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the

action and the fact that the burden and/or expense of the Request outweighs its likely benefit.

Equifax further objects to this Request on the basis that it seeks confidential, proprietary, and/or

trade secret information. For these reasons, this Request is outside the scope of permissible

discovery under Rule 26 of the Federal Rules of Civil Procedure.

325454059v.1

Based on and without waiving the foregoing objections, as set forth in Equifax's Initial Disclosures, Equifax states that it is self-insured in this matter, and that it is not aware of any insurance policy that is likely to be applicable in this case.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all documents sufficient to identify the identifiers, systems, and search methods used by EIS to locate Plaintiff's consumer file in response to Plaintiff's disputes submitted in January and February 2025.

**RESPONSE TO NO. 33:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "identifiers, systems, and search methods used by EIS to locate Plaintiff's consumer file," and "Plaintiff's disputes submitted in January and February 2025" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith. By way of further response, Equifax agrees to produce relevant policies and procedures

34

applicable at the time of Plaintiff's disputes following entry of a mutually agreeable protective order governing the exchange of confidential information.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all documents sufficient to identify the basis for EIS's statement that it was unable to locate Plaintiff's consumer file, and any subsequent records showing how EIS later located, accessed, or processed Plaintiff's file.

**RESPONSE TO NO. 34:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "the basis for EIS's statement that it was unable to locate Plaintiff's consumer file," and "any subsequent records showing how EIS later located, accessed, or processed Plaintiff's file" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute

of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided

herewith. By way of further response, Equifax agrees to produce relevant policies and procedures

applicable at the time of Plaintiff's disputes following entry of a mutually agreeable protective

order governing the exchange of confidential information.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all non-privileged documents from Plaintiff's file that have not otherwise been produced in response to the foregoing requests.

**RESPONSE TO NO. 35:**

Equifax objects to this Request on the grounds that the phrase "all non-privileged

documents from Plaintiff's file that have not otherwise been produced" is overbroad, unduly

burdensome, not limited to the relevant time period, and seeks information that is irrelevant and

disproportionate to Plaintiff's legitimate discovery needs, and fails to identify the documents

sought with reasonable particularity. Equifax also objects to this Request on the grounds that it

seeks documents covering a time period beyond the applicable statute of limitations that limits

Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for

such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it

is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at

issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor

proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to

this Request on the basis that it seeks documents that are that are confidential, proprietary, trade

secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege

or immunity. Equifax also objects that this is an impermissible "all documents" request, the type

of which is not allowed under the Federal Rules of Civil Procedure.

325454059v.1

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and has not located any other documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all non-privileged communications, including but not limited to emails, internal messages, correspondence, and data transmissions, between EIS and all co-defendants relating to Plaintiff, Plaintiff's consumer file, Plaintiff's disputes, or the reporting, verification, suppression, or handling of any account associated with Plaintiff.

**RESPONSE TO NO. 36:**

Equifax objects to this Request on the grounds that the phrases "all non-privileged communications," "emails, internal messages, correspondence, and data transmissions," and "relating to Plaintiff, Plaintiff's consumer file, Plaintiff's disputes, or the reporting, verification, suppression, or handling of any account associated with Plaintiff" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity.

325454059v.1

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all documents sufficient to identify any determination that Plaintiff's disputes were duplicative, frivolous, and/or irrelevant, including any supporting documentation and any notices issued to Plaintiff pursuant to 15 U.S.C. § 1681i(a)(3).

**RESPONSE TO NO. 37:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "any determination that Plaintiff's disputes were duplicative, frivolous, and/or irrelevant," and "any supporting documentation and any notices issued to Plaintiff" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

325454059v.1

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith. By way of further response, Equifax agrees to produce relevant policies and procedures applicable at the time of Plaintiff's disputes following entry of a mutually agreeable protective order governing the exchange of confidential information.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all documents sufficient to identify the policies, procedures, and legal basis for requesting "human trafficking documentation" from consumers in connection with credit reporting disputes.

**RESPONSE TO NO. 38:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify" and "policies, procedures, and legal basis for requesting 'human trafficking documentation' from consumers in connection with credit reporting disputes" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax further objects to this Request on the grounds that it seeks documents and information that are neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Request is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the

39

basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving its objections, Equifax agrees to produce relevant policies and procedures applicable at the time of Plaintiff's disputes following entry of a mutually agreeable protective order governing the exchange of confidential information.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all documents sufficient to identify and define any codes, response codes, status codes, and internal abbreviations appearing in Plaintiff's consumer file and/or used in connection with Plaintiff's disputes.

**RESPONSE TO NO. 39:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify and define," "any codes, response codes, status codes, and internal abbreviations," and "used in connection with Plaintiff's disputes" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax further objects to this Request on the grounds that it seeks documents and information that are neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Request is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See*

15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving its objections, Equifax states that its documents are self-explanatory and do not contain and statement, code, abbreviation and other information that are not self-explanatory. Counsel for Equifax invites conferral with Plaintiff on any issues regarding the readability of its documents.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all audit trails, access logs, and system logs reflecting any access to, modification of, and/or activity within Plaintiff's consumer file, including the identity of the user or system performing such actions.

**RESPONSE TO NO. 40:**

Equifax objects to this Request on the grounds that the phrases "all audit trails, access logs, and system logs," "any access to, modification of, and/or activity within Plaintiff's consumer file," and "the user or system performing such actions" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs

41

325454059v.1

of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith. By way of further response, Equifax states that it no longer maintains audit trails.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all training materials, manuals, or guidance used by EIS employees relating to

- consumer dispute handling ·
- reinvestigation procedures ·
- identity theft handling ·
- account classification ·
- data accuracy requirements

**RESPONSE TO NO. 41:**

Equifax objects to this Request on the grounds that the phrases "all training materials, manuals, or guidance," "EIS employees," "consumer dispute handling," "reinvestigation procedures," "identity theft handling," "account classification," and "data accuracy requirements" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax further objects to this Request on the grounds that it seeks documents and information that are neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden

325454059v.1

and/or expense of the request outweighs its likely benefit. Because this Request is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity.

Subject to, and without waiving its objections, Equifax agrees to produce relevant policies and procedures applicable at the time of Plaintiff's disputes following entry of a mutually agreeable protective order governing the exchange of confidential information.

**REQUEST FOR PRODUCTION NO. 42:**

Produce all documents sufficient to identify any performance metrics, quotas, and incentive structures used by EIS relating to the speed, volume, or outcome of consumer dispute processing.

**RESPONSE TO NO. 42:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "any performance metrics, quotas, and incentive structures," and "relating to the speed, volume, or outcome of consumer dispute processing" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to

43

Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the Request in resolving the issues at stake in the action and the fact that the burden and/or expense of the Request outweighs its likely benefit. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Based on its objections, Equifax has not searched for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all agreements, contracts, and arrangements in EIS's possession relating to the furnishing, reporting, or verification of information concerning the following accounts:

- NCB Management Services ·
- MOHELA / Department of Education ·
- Credit Collection Services ·
- Caine & Weiner ·
- Sequium Asset Solutions ·
- Credit Acceptance Corp. ·
- Discover Bank

**RESPONSE TO NO. 43:**

Equifax objects to this Request on the grounds that the phrases "all agreements, contracts, and arrangements" and "relating to the furnishing, reporting, or verification of information" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that

44

is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax further objects to this Request on the basis that the agreements themselves generally require notice to the furnisher and consent by the furnisher to Equifax's disclosure of the agreement.

Subject to, and without waiving, its objections, Equifax agrees to review and determine whether it is able to provide a copy of any relevant furnisher agreement, if any.

**REQUEST FOR PRODUCTION NO. 44:**

Produce all documents, manuals, and communications provided by EIS to furnishers describing their duties, obligations, and procedures relating to the reporting and verification of consumer information.

**RESPONSE TO NO. 44:**

Equifax objects to this Request on the grounds that the phrases "all documents, manuals, and communications," "furnishers," and "duties, obligations, and procedures relating to the reporting and verification of consumer information" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable

45

particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax further objects to this Request on the basis that the agreements themselves generally require notice to the furnisher and consent by the furnisher to Equifax's disclosure of the agreement. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax agrees to review and determine whether it is able to provide a copy of any relevant furnisher agreement, if any.

**REQUEST FOR PRODUCTION NO. 45:**

Produce all documents in EIS's possession, custody, or control reflecting any communications, notices, and records received from the U.S. Department of Education regarding the discharge, status, or reporting of Plaintiff's student loan accounts, including any records received in or around 2024.

**RESPONSE TO NO. 45:**

Equifax objects to this Request on the grounds that the phrases "all documents," "any communications, notices, and records," "regarding the discharge, status, or reporting of Plaintiff's student loan accounts," and "any records received in or around 2024" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and

46

disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all documents from Plaintiff's file sufficient to identify and include any communications, responses, or information received from the following furnishers in connection with the investigation or verification of Plaintiff's disputes, including but not limited to:

- all Automated Consumer Dispute Verification (ACDV) forms ·
- all Consumer Dispute Verification (CDV) forms
- all Automated Universal Data Forms (AUDF) or Universal Data Forms (UDF) ·
- all e-OSCAR system communications, transmissions, and responses ·

325454059v.1

- all attachments, supporting documents, and data provided with such communications for the following furnishers

- NCB Management Services ·

- MOHELA / Department of Education ·

- Credit Collection Services ·

- Caine & Weiner ·

- Sequium Asset Solutions ·

- Credit Acceptance Corp. ·

- Discover Bank

**RESPONSE TO NO. 46:**

Equifax objects to this Request on the basis that it is duplicative, at least in part, of Request No. 20. Equifax further objects to this Request on the grounds that the phrases "all documents from Plaintiff's file sufficient to identify," "any communications, responses, or information," "the investigation or verification of Plaintiff's disputes," "all Automated Consumer Dispute Verification (ACDV) forms," "all Consumer Dispute Verification (CDV) forms," "all Automated Universal Data Forms (AUDF) or Universal Data Forms (UDF)," "all e-OSCAR system communications, transmissions, and responses," and "all attachments, supporting documents, and data provided with such communications" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's

48

allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all documents sufficient to identify the basis upon which EIS verified the accuracy of any disputed account associated with Plaintiff, including but not limited to any documents, data, and information relied upon in making such determinations.

**RESPONSE TO NO. 47:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "the basis upon which EIS verified the accuracy of any disputed account associated with Plaintiff," and "any documents, data, and information relied upon in making such determinations" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects

49

to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith. By way of further response, Equifax agrees to produce relevant policies and procedures applicable at the time of Plaintiff's disputes following entry of a mutually agreeable protective order governing the exchange of confidential information.

**REQUEST FOR PRODUCTION NO. 48:**

Produce all documents, records, and data received and relied upon by EIS from any furnisher in verifying the following accounts:

- NCB Management Services

- Credit Collection Services

- Caine & Weiner ·

- Sequium Asset Solutions ·

- Discover Bank

**RESPONSE TO NO. 48:**

Equifax objects to this Request on the basis that it is duplicative, at least in part, of Request Nos. 20 and 46. Equifax further objects to this Request on the grounds that the phrases "all documents, records, and data" and "received and relied upon by EIS from any furnisher" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith.

**REQUEST FOR PRODUCTION NO. 49:**

Produce all documents sufficient to identify any response codes, result codes, or status codes received from furnishers in response to Plaintiff's disputes, including the meaning of such codes.

51

325454059v.1

**RESPONSE TO NO. 49:**

Equifax objects to this Request on the basis that it is duplicative, at least in part, of Request No. 39. Equifax also objects to this Request on the grounds that the phrases "all documents sufficient to identify," "any response codes, result codes, or status codes," "furnishers," "Plaintiff's disputes," and "the meaning of such codes" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax further objects to this Request on the grounds that it seeks documents and information that are neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Request is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith. By way of further response, Equifax states that its documents are self-explanatory and

325454059v.1

do not contain and statement, code, abbreviation and other information that are not self-explanatory. Counsel for Equifax invites conferral with Plaintiff on any issues regarding the readability of its documents.

**REQUEST FOR PRODUCTION NO. 50:**

Produce all documents sufficient to identify the specific data fields, codes, or information transmitted through the e-OSCAR system in connection with Plaintiff's disputes, including the meaning and interpretation of any response codes received from furnishers.

**RESPONSE TO NO. 50:**

Equifax objects to this Request on the basis that it is duplicative, at least in part, of Request Nos. 39 and 49. Equifax also objects to this Request on the grounds that the phrases "all documents sufficient to identify," "specific data fields, codes, or information transmitted through the e-OSCAR system," "Plaintiff's disputes," and "the meaning and interpretation of any response codes received from furnishers" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax further objects to this Request on the grounds that it seeks documents and information that are neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Request is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product

53

doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and refers Plaintiff to Equifax's business records, Bates stamped and provided herewith. By way of further response, Equifax states that its documents are self-explanatory and do not contain and statement, code, abbreviation and other information that are not self-explanatory. Counsel for Equifax invites conferral with Plaintiff on any issues regarding the readability of its documents.

**REQUEST FOR PRODUCTION NO. 51:**

Produce all documents from Plaintiff's consumer file sufficient to identify any disputes submitted on behalf of Plaintiff from January 1, 2020 through December 31, 2022, including:

- all dispute letters, submissions, or communications received ·

- all records of how such disputes were processed ·

- all investigation results ·

- all responses sent by EIS

**RESPONSE TO NO. 51:**

Equifax objects to this Request on the grounds that the phrases "all documents from Plaintiff's consumer file sufficient to identify," "disputes submitted on behalf of Plaintiff from January 1, 2020 through December 31, 2022," "all dispute letters, submissions, or communications," "all records of how such disputes were processed," "all investigation results," and "all responses" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs,

54

325454059v.1

and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

Produce all documents sufficient to identify and include any communications, responses, or information received from furnishers in connection with any disputes submitted on behalf of Plaintiff from January 1, 2020 through December 31, 2022, including but not limited to:

- ACDV forms ·
- CDV forms ·
- AUDF / UDF forms ·
- e-OSCAR communications ·
- all attachments and supporting data

325454059v.1

**RESPONSE TO NO. 52:**

Equifax objects to this Request on the grounds that the phrases "all documents sufficient to identify," "any communications, responses, or information," "furnishers," "any disputes submitted on behalf of Plaintiff from January 1, 2020 through December 31, 2022," "ACDV forms," "CDV forms," "AUDF / UDF forms," "e-OSCAR communications," and "all attachments and supporting data" are overbroad, unduly burdensome, not limited to the relevant time period, and seek information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs, and fail to identify the documents sought with reasonable particularity. Equifax also objects to this Request on the grounds that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Equifax further objects to this Request on the basis that it is not narrowly tailored to Plaintiff's allegations in the Complaint or to the accounts and dispute at issue, and thus seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26. Equifax further objects to this Request on the basis that it seeks documents that are that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax also objects that this is an impermissible "all documents" request, the type of which is not allowed under the Federal Rules of Civil Procedure.

Subject to, and without waiving, its objections, Equifax states that it has limited its search to non-confidential, non-privileged, responsive and relevant materials within the applicable Statute of Limitations and has no documents responsive to this Request.

325454059v.1

DATED:  May 15, 2026                Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP


By: */s/ Neil R. Peluchette*

    Neil R. Peluchette (#35577-82)
    npeluchette@taftlaw.com
    TAFT STETTINIUS & HOLLISTER LLP
    One Indiana Square, Suite 3500
    Indianapolis, Indiana  46204
    Telephone:  (317) 713-3447
    Facsimile:  (317) 713-3699

*Counsel for Defendant*
*Equifax Information Services LLC,*
*incorrectly identified as Equifax, Inc.*

325454059v.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, I served the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS upon all counsel of record via electronic mail. A copy has also been sent via electronic mail to Pro Se Plaintiff at 24princesslove@gmail.com.

/s/ Neil R. Peluchette
Neil R. Peluchette
*Counsel for Defendant*
*Equifax Information Services LLC,*
*incorrectly identified as Equifax, Inc.*

325454059v.1